828 A.2d 1066

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Rondu A. BETHEA, Appellee.**

Supreme Court of Pennsylvania.

Argued May 14, 2002.

Decided July 22, 2003.

104

John Michael Lisko, Waynesboro, for Commonwealth of Pennsylvania, Appellant.

Gregory Barton Abein, for Appellee.

Before ZAPPALA, Former Chief Justice, and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR, AND EAKIN, JJ.

## *OPINION OF THE COURT*

Chief Justice CAPPY.

This appeal concerns the distinction between venue and subject matter jurisdiction. The discrete question presented is whether the Court of Common Pleas of Franklin County had subject matter jurisdiction to hear and decide the case against Rondu Bethea involving violations of the Pennsylvania Crimes Code, ("Crimes Code") when the underlying criminal episode occurred in Cumberland County. As we find that the Franklin County Court of Common Pleas did have subject matter jurisdiction, the decision of the Superior Court is reversed.

The factual predicate for the convictions at issue can be briefly summarized. On April 14, 1998, Mr. Bethea, Appellee herein, delivered 12 grams of crack cocaine to a confidential informant in exchange for $400. The exchange occurred at a business establishment known as "All That Stuff", located at 3 North Earl Street, in Shippensburg, Cumberland County, Pennsylvania. As a result of this incident in Cumberland

County Appellee was arrested on August 21, 1998 and charged with delivery of a controlled substance, 35 P.S. § 780–113(30), and conspiracy to deliver a controlled substance, 18 Pa.C.S.A. § 903. Appellee was scheduled for trial on these charges in Franklin County, Pennsylvania.

On March 7, 1999, Appellee was arrested for driving a car while under a suspended license which led to his being charged as a habitual offender under 75 Pa.C.S. § 1542. The March arrest took place in Chambersburg, Franklin County, Pennsylvania and the matter proceeded to trial in Franklin County.

Appellee was tried before a jury in Franklin County on June 24, 1999 and convicted on the drug and conspiracy charges arising from the incident in Cumberland County. In an unrelated proceeding, on July 9, 1999, Appellee entered a plea of guilty to the habitual offender charge in Franklin County. As Appellee's jury trial and his plea had been presided over by the same trial judge, the sentencing hearing for both convictions occurred on the same day, September 8, 1999, in Franklin County.[1] On the delivery charge, Appellee was sentenced to a term of imprisonment, not less than 36 months nor more than 120 months. A consecutive term of not less than 6 months nor more than 60 months was imposed on the conspiracy charge. A sentence of not less than 6 months nor more than 24 months incarceration was imposed on the habitual offender violation, to run concurrent to the sentence for conspiracy.

Appellee filed an appeal from the judgment of sentence. In his statement of matters complained of on appeal, he raised three issues, all of which challenged the ineffective assistance of trial counsel.[2] Appellee argued that trial counsel

1. Although the sentencing proceeding occurred on the same day, the drug charges were not consolidated with the motor vehicle charges for adjudication, and separate sentences were imposed at each information.

2. In *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (Pa.2002), this court announced, as a general rule, that claims of ineffective assistance of counsel should be raised for the first time in a collateral proceeding.

was ineffective for 1) failing to challenge the sufficiency of the evidence at the preliminary hearing; 2) failing to challenge the evidence by filing a habeas corpus or suppression motion; and 3) failing to object to improper *venue.* The trial court found all three ineffectiveness claims to be without merit. As to the final issue challenging venue, the trial court agreed that venue was not proper in Franklin County. However, the court went on to consider whether Appellee had suffered prejudice by having the matter tried before a jury chosen in Franklin, rather than Cumberland, County. The court observed that Appellee failed to assert any specific claim of prejudice stemming from the location of the trial. Further, the trial court noted that Franklin and Cumberland are neighboring counties and that the residents share similar socioeconomic backgrounds. In conclusion, the trial court found that Appellee suffered no prejudice from trial counsel's failure to object to venue. (Opinion of Walker, J., filed 1/4/2000, p. 3).

The Superior Court reversed the decision of the trial court. The Superior Court granted relief on Appellee's third allegation of error and noted that although its decision rendered the two remaining issues moot, it found no merit to those claims.[3]

As to the claim upon which relief was granted, the Superior Court framed the question as "the failure of trial counsel to make a *jurisdictional* challenge to the trial being held in Franklin County when the alleged drug transaction took place in Cumberland County." *Commonwealth v. Bethea,* 761 A.2d 1181, 1182 (Pa.Super.2000) (emphasis supplied). The Superior

The holding of *Grant* was applied to that case and retroactively to all cases currently pending where a claim of ineffectiveness of trial counsel had been properly raised and preserved. We now clarify that the retroactive application of *Grant* does not apply to claims of ineffective assistance of counsel where the intermediate appellate court rendered a merits disposition prior to the issuance of the decision in *Grant.* As the Superior Court decision in this case addressed the merits of Appellee's claims of ineffectiveness of trial counsel, the rule of *Grant* does not apply to this case.

3. In its final order, the Superior Court affirmed the judgment of sentence on the habitual offender violation, vacated the judgment of sentence on the charges of delivery of a controlled substance and conspiracy to deliver a controlled substance, and remanded the case to the trial court for further proceedings.

Court analyzed the issue as one of subject matter jurisdiction, not venue, and concluded that Franklin County could not exercise subject matter jurisdiction over a single offense committed in Cumberland County. The Superior Court rejected Appellant's argument that the decision in *Commonwealth v. McPhail*, 547 Pa. 519, 692 A.2d 139 (Pa.1997), controlled on the question of subject matter jurisdiction.[4] The Superior Court majority distinguished *McPhail* as that case involved the consolidation of criminal charges that occurred in multiple counties but were part of a single criminal transaction, pursuant to 18 Pa.C.S. § 110. Looking at the circumstances in the present case, the Superior Court majority found that, since the drug charges and the habitual offender violation were not part of a single criminal episode, the charges could not be consolidated under § 110, and the reasoning in *McPhail* was not applicable. *Bethea*, 761 A.2d at 1183.

Judge Lally–Green dissented. The dissent asserted that in *McPhail*, this Court held that general subject matter jurisdiction to hear charges involving violations of the Crimes Code is not prescribed by territorial limitations. *Bethea*, 761 A.2d at 1187. *See* 18 Pa.C.S. § 102. Therefore, where there is only one criminal episode, the question is one of venue, not jurisdiction. Addressing the issue from that perspective, the dissent focused on whether trial counsel was ineffective in failing to object to venue. Finding that Appellee could not establish prejudice under the accepted test for ineffectiveness, the dissent concluded that the claim of error failed.

█ Appellant sought review of the order of the Superior Court, arguing that under *McPhail*, the Franklin County Court of Common Pleas did have subject matter jurisdiction over the offense committed in Cumberland County. This

---

4. *McPhail* is a plurality opinion. Six Justices participated in the decision. The Opinion Announcing the Judgment of the Court was authored by then Chief Justice Flaherty, and joined by then Justice, now former Chief Justice Zappala. This author filed a separate concurring opinion that specifically joined the opinion of Chief Justice Flaherty. Mr. Justice Nigro concurred in the result reached by the opinion of Chief Justice Flaherty. Madame Justice Newman filed a dissenting opinion that was joined by Mr. Justice Castille.

Court granted Allowance of Appeal to address the Superior Court's interpretation of *McPhail*.[5]

Appellant asserts that in *McPhail*, this court established that each county court in this Commonwealth has statewide jurisdiction to hear charges arising from the Crimes Code. Appellant argues that the Superior Court erred in its discussion of the decision in *McPhail*, as it concluded that a county court could only exercise jurisdiction beyond its territorial boundaries within the context of a criminal action consolidated under 18 Pa.C.S. § 110. This error by the Superior Court led it to incorrectly review the present legal challenge as one involving subject matter jurisdiction, when in fact the issue is purely one of venue. Finally, when viewed as a question of venue, and specifically as a claim that trial counsel was ineffective in failing to challenge venue, the claim fails, as Appellee cannot establish prejudice.

Appellee argues that the Superior Court correctly distinguished *McPhail* from the present case, as *McPhail* is limited to cases arising within the context of a § 110 prosecution. Appellee does not believe the Superior Court erred in deciding this case as one raising a claim of subject matter jurisdiction, since venue is a question of subject matter jurisdiction. The error in venue reflects a unilateral action by the prosecutor to alter the venue of this case without having to show good cause for its action. *Commonwealth v. Reilly*, 324 Pa. 558, 188 A. 574 (Pa.1936). As for the question of prejudice, since jurisdiction is a question of law, the failure of trial counsel to challenge the venue of the trial in Franklin County is *per se* ineffectiveness.

The obvious starting point for our analysis is a discussion of the decision in *McPhail*. Roosevelt McPhail sold cocaine to the same undercover Pennsylvania State Police officer on several occasions during the summer of 1990. The first sale

5. The issue for review centers on the question of subject matter jurisdiction. As this question is purely one of law, our standard of review is *de novo*, and our scope of review is plenary. *Buffalo Twp. v. Jones*, 571 Pa. 637, 813 A.2d 659 (Pa.2002); *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167 (Pa.1995).

occurred in Washington County, Pennsylvania. When the undercover officer asked to buy a larger quantity of drugs, McPhail took the officer from Washington County into neighboring Allegheny County, Pennsylvania to complete the second sale. A few weeks later a final sale of a small amount of cocaine occurred, again in Washington County, Pennsylvania. Charges were filed against McPhail in both Washington and Allegheny Counties regarding the transactions that had occurred in the respective counties. McPhail pled guilty to the charges in Washington County and then moved to dismiss the pending charges in Allegheny County pursuant to 18 Pa.C.S. § 110. The portion of 18 Pa.C.S. § 110 pertinent to the discussion in *McPhail* states:

**§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense. . . .

As the Commonwealth had conceded that the multiple cocaine sales constituted a single criminal episode, the court focused its attention on determining whether all the offenses were within the jurisdiction of a single court. 692 A.2d at 141. Jurisdiction was defined as the power of the court to decide matters arising under the laws of the Commonwealth. *Id.*

The source of the power of the trial court to try felony drug cases flows from the sovereign Commonwealth of Pennsylvania and contains no territorial limitations within the Commonwealth. The common law rule, limiting jurisdiction of the court of common pleas to those offenses arising within the county where the court sits, was declared inconsistent with the constitutional declaration that the judicial power of the Commonwealth is vested in a unified judicial system. *Id.* at 142. Finally, the court explained that the constitutional provision at Article I, Section 9, of the Pennsylvania Constitution, providing for the right of an accused to be tried before "an impartial jury of the vicinage", is not a limitation on the jurisdiction of the court. 692 A.2d at 143–44. Vicinage, although not a term designating a specific territorial limitation, more readily can be understood as referencing the proper venue of an action. *Id.* In conclusion, the *McPhail* court stated:

First, vicinage is not synonymous with county or venue, but may embrace more than one county. Second, the place of trial, whether within or without the county where the alleged crime occurred, is a matter of venue, not jurisdiction, [FN3] notwithstanding the imprecise and confusing terminology used in *Commonwealth v. Boyle,* [516 Pa. 105, 532 A.2d 306 (1987) ]. Third, trial in a county other than the one where the offense occurred is not constitutionally prohibited. Fourth, trial outside the county is a mechanism which must be used sparingly, to prohibit dragging the accused all over the commonwealth and burdening him with an expensive trial at the whim of the prosecution.

FN3, It is important to distinguish jurisdiction from venue. Jurisdiction is the legal right by which judges exercise their authority to decide cases. Venue, on the other hand, is the right of a party to have the action brought and heard in a particular judicial district, or locality, and is related to the convenience of the litigants. Jurisdiction of subject matter can never attach nor be acquired by consent or waiver of the parties, while venue may always be waived. *McGinley v. Scott,* 401 Pa. 310, 316, 164 A.2d 424, 427–28 (1960).

692 A.2d at 144. Accordingly, the pending charges in Allegheny County were dismissed for failure to consolidate pursuant to § 110.

In *McPhail*, this author filed a concurring opinion, which questioned the validity of the common law rule that jurisdiction of a court was limited by territorial boundaries. The concurring opinion asserted that the common law rule merely reflected the right of an accused to be tried within the county where the offense was committed, rather than a limitation on the jurisdiction of the court. Otherwise, the concurring opinion endorsed the holding of the lead opinion, that the subject matter jurisdiction of the trial court was not constrained by territorial boundaries within the Commonwealth. *Id.* at 145. Mr. Justice Nigro concurred only in the result reached by the lead opinion. Madame Justice Newman filed a dissenting opinion that was joined by Mr. Justice Castille. The dissent opined that the common law rule maintaining territorial limits on the jurisdiction of the trial court was not diminished by the concept of a unified judicial system. The jurisdiction of a single court could only expand to reach offenses committed within the territorial boundaries of another court under specific and limited exceptions as provided by the Legislature. *Id.* at 151. Further, the dissent did not agree that the drug sales at issue constituted a single criminal episode, and accordingly, would not find § 110 a bar to prosecution in both Washington and Allegheny Counties.

When a court is faced with a plurality opinion, usually only the result carries precedential weight; the reasoning does not. *Commonwealth v. O.A.,* 552 Pa. 666, 717 A.2d 490, 496 n. 4 (Pa.1998).[6] The result in *McPhail* is that the second prosecution in Allegheny County was barred, under the provisions of 18 Pa.C.S. § 110, by the former prosecution and

6. *See also Commonwealth v. Couch,* 731 A.2d 136 (Pa.Super.1999), *appeal denied,* 743 A.2d 914 (Pa.1999) and *Commonwealth v. Wittenburg,* 710 A.2d 69 (Pa.Super.1998) (although *McPhail* is a plurality decision of limited precedential weight, as a result of that decision it can no longer be disputed that courts of common pleas have statewide jurisdiction).

conviction in Washington County.[7] Looking to the competing positions on the question of jurisdiction, the court was divided, with three Justices agreeing that the subject matter jurisdiction of the courts of common pleas is not limited to the territory of the county wherein the court sits; rather, it is statewide. Two jurists opined that the subject matter jurisdiction of the courts of common pleas is limited to the territory where the court sits. The present case provides this court with an opportunity to resolve the jurisdictional question that was left open by the absence of a controlling majority position in *McPhail*. With that purpose in mind, we turn again to the current opinion of the Superior Court, and that court's discussion of *McPhail*.

The Superior Court distinguished *McPhail* as it arose in the context of a motion to bar a second prosecution pursuant to 18 Pa.C.S. § 110. As the current case did not involve charges arising from a single criminal episode, the court reasoned that § 110, and therefore, *McPhail*, were not relevant to a resolution of the instant case. The Superior Court held that a determination of whether the offenses presented arose from a single criminal episode is a condition precedent to the question of whether the court of common pleas can exercise subject matter jurisdiction beyond its traditional territorial boundaries. *Bethea*, 761 A.2d at 1184. In other words, the question of the extent of the general subject matter jurisdiction of a court of common pleas was found to be contingent on first determining if it was necessary for a particular common pleas court to exercise its jurisdiction beyond its territorial boundaries. In viewing the question from this perspective, the Superior Court subjugated the primary principle of whether the court of common pleas has general subject matter jurisdiction to the secondary principle of whether the court should exercise that jurisdiction in a given case.

█ As the discussion above reveals, there remains some confusion regarding the concepts of venue and subject matter jurisdiction. The instant case presents us with another oppor-

7. Four of the six participating Justices agreed on this result.

tunity to explicate this confusion. The initial step in this process is to clarify and expressly hold that all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code. Thus, the Franklin County Court of Common Pleas does possess subject matter jurisdiction in this matter. Therefore, the proper focus of this appeal is upon the question of venue. Before addressing the venue issue on the merits, we believe it prudent to restate the primary distinctions between subject matter jurisdiction and venue.

Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. *McGinley v. Scott,* 401 Pa. 310, 164 A.2d 424 (Pa.1960). Jurisdiction is a matter of substantive law. *Id.* at 428; 42 Pa.C.S. § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas). Appellee was charged with violations pursuant to the Crimes Code. Controversies arising out of violations of the Crimes Code arc entrusted to the original jurisdiction of the courts of common pleas for resolution. *See* 18 Pa.C.S. § 102. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code. Pa. Const. Art. 5, § 5 (establishing the jurisdiction of the courts of common pleas within the unified judicial system).

Venue relates to the right of a party to have the controversy brought and heard in a particular judicial district. *McGinley,* 164 A.2d at 427–28. Venue is predominately a procedural matter, generally prescribed by rules of this Court. *Id.* at 429; 42 Pa.C.S. § 931(c). Venue assumes the existence of jurisdiction. 42 Pa.C.S. § 931(b) (referencing rules for change of venue in cases within the jurisdiction of courts of common pleas); Pa.R.Crim.P. 584 (relating to the procedure for a change of venue amongst courts of common pleas for the trial of criminal actions).

Subject matter jurisdiction and venue are distinct. However, since jurisdiction references the power of a court to entertain and adjudicate a matter while venue pertains to the

locality most convenient to the proper disposition of a matter, venue can only be proper where jurisdiction already exists. 92A C.J.S., Venue § 2. The terms are often used interchangeably because they must exist simultaneously in order for a court to properly exercise its power to resolve a particular controversy.

Although each court of common pleas within this Commonwealth possesses the same subject matter jurisdiction to resolve cases arising under the Pennsylvania Crimes Code, that jurisdiction should only be exercised beyond the territorial boundaries of the judicial district in which it sits in the most limited of circumstances. Rules of venue recognize the propriety of imposing geographic limitations on the exercise of jurisdiction. Venue in a criminal action properly belongs in the place where the crime occurred. *Commonwealth v. Mulholland*, 549 Pa. 634, 702 A.2d 1027 (Pa.1997). This practice recognizes the necessity of bringing a party to answer for his actions in the place where the crime itself occurred because that is where the evidence and the witnesses will most likely be located. It would be nonsensical to transport defendants, evidence and witnesses from Philadelphia to Erie to resolve criminal charges arising in the former location before a judge and/or jury sitting in the latter location. A change of venue from the situs of the action to a different locale is permitted only upon good cause shown. Pa.R.Crim.P. 584.

Generally, venue begins in the court with a geographic connection to the events at issue. Typically, one of the parties to that action moves to change venue asserting the inability to receive a fair and impartial trial in the original tribunal. *Commonwealth v. Drumheller*, 570 Pa. 117, 808 A.2d 893 (Pa.2002). The moving party bears the burden of demonstrating the necessity of a change of venue. *Commonwealth v. Bridges*, 563 Pa. 1, 757 A.2d 859 (Pa.2000). When the moving party is the Commonwealth, a request for change of venue is examined with greater scrutiny. *Commonwealth v. Reilly*, 324 Pa. 558, 188 A. 574 (1936). A petition requesting

a change of venue is addressed to the discretion of the trial court. *Mulholland.*

 These general legal principles are of limited assistance in resolving this case, as we are not faced with the typical question of whether the trial court abused its discretion in failing to grant a change of venue. Instead we are faced with the completed fact that venue originated in the wrong county. However, in focusing on this specific claim, it is important to keep in mind the primary concern in change of venue cases; does the location of the trial impact on the ability of the parties to have their case decided before a fair and impartial tribunal? *Drumheller.*

 Appellee argues that his trial counsel was ineffective in failing to challenge the venue of his trial in Franklin County for a criminal charge that arose from an incident in Cumberland County. To establish a claim of ineffective assistance of counsel, the defendant must show that the issue underlying the claim has arguable merit, that counsel had no reasonable basis for not advancing this claim, and that as a direct result of counsel's inaction, the defendant suffered prejudice, to the extent that the outcome of the proceedings would have been different absent the ineffectiveness. *Commonwealth v. Jermyn,* 533 Pa. 194, 620 A.2d 1128 (Pa.1993).

 As stated above, the general rule is that venue lies at the situs of the crime. *Mulholland.* This defendant was accused of a criminal act that occurred in Cumberland County, and, he should have been brought to trial on the charges arising from that incident in Cumberland County. However, for some reason, not openly revealed on this record, Appellee was brought to answer for the charges arising in Cumberland County in Franklin County. There is no question that this issue raises an allegation of arguable merit as to trial counsel's failure to raise an objection to venue.

Just as the record fails to offer any explanation for why the trial took place in Franklin County, it is equally silent on the question of trial strategy for failing to challenge the venue of the trial. The only references on the record regarding the

venue of this action occurred during the testimony of the Commonwealth's first witness, Agent Dellarciprete of the Pennsylvania Office of the Attorney General, Bureau of Narcotics Investigation and Drug Control. At the conclusion of direct examination, after the witness had provided the location of the criminal activity as a store, "All that Stuff" at 3 North Earl Street, Shippensburg, the trial judge inquired of the witness if the store was located in Cumberland or Franklin County. The witness responded that the business was located in Cumberland County. (Trial transcript of June 24, 1999 p. 7 and 19, hereinafter referred to as "T.T."). On redirect, the following exchange between the prosecutor and witness Dellarciprete occurred:

Q Generally we only prosecute cases here in Franklin County. Why is it permissible to prosecute that Cumberland County case here in Franklin County?

A Well, it was my understanding when I was preparing the charges they were consolidated between the counties.

(T.T. at p. 21).

If there was a valid agreement to consolidate certain drug investigations performed by the Attorney General for the Commonwealth in Franklin and Cumberland counties for prosecution within Franklin County, then venue may have properly resided in Franklin County. *See,* 42 Pa.C.S. § 4551(c) and (d) (discussing the choice of venue for the trial of cases arising from multicounty investigations by the attorney for the Commonwealth). Counsel may have pursued this question and satisfied himself that venue was proper. However, there is nothing of record to reflect that the change of venue was accomplished by court order and to reach a conclusion regarding trial strategy on such slim evidence would be inappropriate. Nevertheless, a remand for a hearing on the issue of trial counsel's strategy is unnecessary because Appellee is not able to establish that he suffered prejudice as of trial counsel's failure to raise the question of erroneous venue.

To prevail on his claim that counsel erred in failing to challenge the propriety of venue within Franklin County

Appellee must demonstrate that but for the failure of counsel the outcome of trial would have been different. *Jermyn.* Because Appellee's complaint is that an error in venue occurred, to establish prejudice flowing from trial counsel's failure to raise this issue he must demonstrate that he was unable to receive a fair and impartial trial in the venue where the trial was held. *Drumheller.* Appellee fails to meet that burden. On the question of prejudice, Appellee argues that the failure to challenge the location of trial when no element of the offense charged occurred in the county where trial was held is *per se* prejudicial. Appellee attempts to demonstrate prejudice on the venue question by incorporating additional allegations of ineffectiveness. However, the other two issues of ineffectiveness, for failure to file a habeas corpus petition and a motion to suppress, were dismissed as being without merit in the Superior Court and that decision was not further challenged by Appellee. Additionally, Appellee fails to connect those particular allegations of ineffectiveness to the specifics of a prejudice analysis on the question of venue. As for the possible claims of harm stemming from the venue of the trial, Appellee makes no assertion that by virtue of the location of the trial in Franklin rather than Cumberland County, he suffered undue expense in appearing before the court in Franklin County, that he was unable to obtain the presence of witnesses or evidence related to his defense because of the location, that the Commonwealth engaged in forum shopping in order to achieve an advantage over the defense, or that he was deprived of a fair and impartial trial. Without a showing of prejudice from the error in venue, Appellee's ineffectiveness claim must be denied.

In conclusion, we would caution that the existence of state-wide subject matter jurisdiction in matters arising under the Crimes Code is not an invitation to ignore the rules of venue. The absence of a finding of prejudice in this instance on the question of venue, does not equate with a right of the Commonwealth to engage in forum shopping.

For the reasons stated herein, the decision of the Superior Court is reversed and the judgment of sentence of the court of common pleas is reinstated.

Former Chief Justice ZAPPALA did not participate in the decision of this case.

Justice NEWMAN files a concurring opinion in which Mr. Justice Castille joins.

Justice NEWMAN.

I respectfully concur. Specifically, I agree with the explanation of the procedural framework for raising claims of counsel ineffectiveness in light of our recent decision in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (Pa.2002), that the Majority sets forth in footnote 2. I also concur with the way the Majority distinguishes the concepts of "subject matter jurisdiction" and "venue." Yet, despite my agreement on these issues, I remain committed to the reasoning previously articulated in my dissent in *Commonwealth v. McPhail*, 547 Pa. 519, 692 A.2d 139 (Pa.1997), which was joined by Justice Castille. Accordingly, in my opinion, the Court of Common Pleas of Franklin County did not have subject matter jurisdiction to hear and decide the drug-related criminal charges against Rondu Bethea (Appellee), because the underlying criminal conduct that became the source of these charges did not take place within Franklin County.

Presently, just as in *McPhail*, the Majority continues to disregard the deep-rooted common law principle that the locus of the crime determines the court of common pleas where the charges relating to the crime must be brought. 692 A.2d at 151. Consequently, the Majority persists on diluting the jurisdictional restrictions placed on the courts of common pleas of this Commonwealth by allowing the Court of Common Pleas of Franklin County in the present case to adjudicate Appellee's drug-related charges, as well as entirely unconnected violations of the Motor Vehicle Code, 75 Pa.C.S. § 101 *et seq.*

As I stated previously,

> [t]he law is clear that the locus of a crime is always at issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not.... **For a county to take**

**jurisdiction over a criminal case, some overt act involved in that crime must have occurred within that county.** In order to base jurisdiction on an overt act, the act must have been essential to the crime, an act which is merely incidental to the crime is not sufficient.

\* \* \*

[E]mbedded in the common law is the proposition that subject matter jurisdiction of criminal courts extends only to offenses committed within the county of trial. The historic foundation for the rule is that by the ancient law, all offenses were said to be done against the peace of the county.

*McPhail,* 692 A.2d at 151 (Newman, J. dissenting) (internal citations omitted, emphasis supplied).

The factual disparities between the present case and *McPhail* further amplify the flaw in the analysis adopted by the Majority. *McPhail* involved a consolidation of criminal charges, originating in several counties, that were, nonetheless, part of a single criminal episode (multiple incidences of drug selling). 692 A.2d at 141. Yet, in the present case, the two charges have absolutely nothing in common.[1] They arise out of entirely different types of conduct that took place on two different occasions in two different counties. Thus, there is no relationship between Appellee's criminal conduct and the county where he is being tried, as nothing links Franklin County (and, consequently, the Court of Common Pleas of Franklin County) to Appellee's drug charges. In fact, there is no evidence that Appellee did anything in Franklin County to warrant prosecution on drug-related charges in that county. Even so, the rationale of the Majority allows the Court of Common Pleas of Franklin County to adjudicate Appellee's guilt.[2] As I pointed out in *McPhail,* this analysis is intrinsi-

---

**1.** In Cumberland County, Appellee was arrested for selling twelve grams of crack cocaine to a confidential informant. Seven months later, Appellee was arrested in Franklin County for driving a car with a suspended license.

**2.** While the present facts concern two bordering counties, by the same logic, the Majority would allow the Court of Common Pleas of Dela-

cally flawed, because it disregards the well-established "locus of the crime" principle and facilitates prosecutorial forum shopping.

Ultimately, unlike *McPhail*, the present issue is raised as a claim of counsel ineffectiveness and, as the Majority points out, Appellee has failed to establish that he was prejudiced by the conduct of his counsel. Accordingly, I am constrained to agree with the ultimate resolution of the Majority opinion, because this Court has consistently held that failure to establish prejudice is independently fatal for claims of counsel ineffectiveness. *See Commonwealth v. Pierce*, 567 Pa. 186, 786 A.2d 203, 221 (Pa.2001) (stating that "[a]bsent demonstration of prejudice, [a defendant] cannot prevail on a claim for ineffective assistance of counsel and no further inquiry into the claim is warranted"); *Commonwealth v. Fletcher*, 561 Pa. 266, 750 A.2d 261(Pa.), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 623, 148 L.Ed.2d 533 (2000).

Justice CASTILLE joins this concurring opinion.

ware County to adjudicate unrelated cases from Erie County, so long as the defendant committed **any** criminal mischief in both places, irrespective of the nature, location, or timing of the criminal conduct that is the basis for those charges.