tates satisfied the common-law elements for a valid setoff.

2. Whether Pioneer should have acted pursuant to the adverse claim statute, as set forth in Section 606 of the Banking Code.

3. Whether consequential damages are available for a wrongful setoff.

4. Whether punitive damages were available in this case.

5. Whether Pioneer lack a valid security interest in the funds.

The Application by Petitioner for Leave to Permit Prothonotary to Distribute Clarifying Letter to the Court filed on December 30, 2002 is **GRANTED**. Also, the Application by Petitioner for Leave to Permit Prothonotary to Distribute Clarifying Letter to the Court filed on August 9, 2002 and the Application for Leave to Permit Prothonotary to Distribute the Attached Opinion to the Court are **DENIED**.

Justice WILLIAM H. LAMB did not participate in the consideration or decision of this matter.

■

**COMMONWEALTH of Pennsylvania, Petitioner,**

v.

**Francisco PEREZ, Respondent.**

Supreme Court of Pennsylvania.

Dec. 2, 2003.

## *ORDER*

PER CURIAM.

AND NOW, this 2nd day of December, 2003, the Petitions for Allowance of Appeal are hereby GRANTED and the order of the Superior Court is REVERSED. *See Commonwealth v. Bethea,* 574 Pa. 100, —— 828 A.2d 1066 (Pa.2003).