**UNITED STATES of America**

v.

**Derek MCCLELLAN, Appellant.**

**No. 08–1638.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) Oct. 27, 2009.

Filed: Oct. 30, 2009.

---

768

Robert L. Eberhardt, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellee.

Frank Arcuri, Esq., Washington, PA, for Appellant.

Before: SMITH, FISHER and STAPLETON, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

In July of 2006, a federal grand jury sitting in the Western District of Pennsylvania returned a three count indictment against Derek McClellan. The first and second counts charged McClellan with violations of 21 U.S.C. § § 846 and 841(a)(1) by conspiring to distribute and by possessing with the intent to distribute 500 or more grams of a mixture and substance containing a detectable amount of cocaine. Count three charged McClellan with being a felon in possession of two firearms in violation of 18 U.S.C. § 922(g)(1). McClellan filed a motion to suppress evidence, challenging the validity of authorized wiretaps and seeking a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to attack the existence of probable cause for the search warrant that had been executed at the home of his girlfriend, Carla Hudson. After the District Court denied McClellan's motion, he entered a conditional guilty plea to the conspiracy and firearm charges. The District Court sentenced McClellan to, *inter alia*, 120 months of incarceration on both counts, to be served concurrently. This timely appeal followed. We will affirm the judgment of the District Court.[1]

McClellan contends that the District Court erred in denying his motion to suppress. He argues that the wiretaps were invalid because the applications neither satisfied the necessity requirement of 18 U.S.C. § 2518(1)(c) and (3)(c), nor established probable cause as required by 18 U.S.C. § 2518(3)(b). In addition, McClellan submits that the wiretap information should be suppressed because the warrant for the wiretaps was based to some extent on evidence obtained from a pen register that was authorized by a judge who lacked jurisdiction. The motion to suppress also challenged whether the affidavit in support of a search warrant for the premises at 808

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

Waddell Avenue had sufficient facts to establish probable cause.

In *United States v. Hendricks*, 395 F.3d 173, 180 (3d Cir.2005), we noted that 18 U.S.C. § 2518(3)(c) requires that the application for a wiretap include a "showing of necessity." This statement must explain "why 'normal investigative techniques would be of no avail.'" *Id.* at 180 (quoting *United States v. Adams*, 759 F.2d 1099, 1114 (3d Cir.1985)). We exercise plenary review in determining whether the application contained the requisite statement of necessity. *United States v. Phillips*, 959 F.2d 1187, 1189 (3d Cir.1992). Once it is determined that the statement of necessity was contained in the application, we "review the court's determination of necessity for an abuse of discretion." *Id.*

■ After reviewing the applications, we conclude that they contained the factual predicate sufficient to inform the judge why other methods of investigation were inadequate. *United States v. McGlory*, 968 F.2d 309, 345 (3d Cir.1992). We find no abuse of discretion in determining that the wiretaps were warranted in light of the affidavit's explanation that certain investigative methods had failed or were unlikely to succeed because of, *inter alia*, fears of violence and retribution. *Phillips*, 959 F.2d at 1190 (finding no abuse in grant of application for wiretap where the "use of an undercover agent would have been too dangerous due to the close association of the conspiracy's members and because the area was a small community where everyone was acquainted and outsiders would have been immediately suspect").

McClellan also contends that the applications for the wiretaps were insufficient to establish probable cause. *See* 18 U.S.C. § 2518(3)(b) (directing that the court must determine that "there is probable cause for belief that particular communications concerning that offense will be obtained through such interception"). We exercise plenary review over a district court's decision that "bases its probable cause ruling on facts contained in an affidavit." *United States v. Conley*, 4 F.3d 1200, 1204 (3d Cir.1993). Our review of the initial probable cause determination, however, is deferential as we scrutinize the affidavit to determine if "there is a substantial basis for a fair probability" that the wiretaps would obtain communications regarding illegal drug transactions. *Id.* at 1205. Here, the applications and the affidavits provided a sufficient factual basis to conclude that the wiretaps satisfied this standard.

■ Some of the factual content in the affidavit was obtained from two pen registers: one issued by the Westmoreland County Court of Common Pleas and the second issued by the Allegheny County Court of Common Pleas. McClellan argued before the District Court that the Westmoreland County Court of Common Pleas lacked jurisdiction to authorize the pen register for Carla Hudson, the subscriber of the cellular telephone, because she resided in Allegheny County. He relied on the fact that 18 Pa. Cons.Stat. § 5773(a) provides that the "court shall enter an ex parte order authorizing the installation and use of a pen register ... device within the jurisdiction of the court...." The District Court rejected this argument, citing *Commonwealth v. McPhail*, 547 Pa. 519, 692 A.2d 139 (1997) (plurality), which reasoned that "the subject matter jurisdiction of the courts of common pleas is not limited to the territory of the county wherein the court sits; rather, it is statewide." *Commonwealth v. Bethea*, 574 Pa. 100, 828 A.2d 1066, 1073 (2003) (discussing *McPhail's* plurality opinion). McClellan argues that the District Court erred because plurality opinions do not have precedential value and because any persuasiveness *McPhail* possessed was eroded by the Pennsylvania

Supreme Court's decision in *Common-wealth v. Fithian*, 599 Pa. 180, 961 A.2d 66 (2008). Although the government does not believe the District Court erred, it cites the testimony of one of its agents, who explained that the real time data from the wiretap was received at a facility located in Westmoreland County.

McClellan is correct that *McPhail* lacks precedential value in light of its status as a plurality opinion. *Bethea*, 828 A.2d at 1073. Nonetheless, a majority of the Pennsylvania Supreme Court in *Bethea* held that "all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." *Id.* at 1074. Accordingly, in the event the receipt of real time data at the communications facility in Westmoreland County was insufficient to establish jurisdiction, *Bethea* compels the conclusion that the Westmoreland County Court of Common Pleas had the requisite jurisdiction to authorize the pen register for the cellular telephone subscribed to by Carla Hudson.

█ McClellan also contends that the affidavit in support of the search warrant for the residence at 808 Waddell Avenue contained false and misleading statements that must be set aside pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), and that without these statements probable cause for the search was lacking. We have carefully reviewed the affidavit in support of the search warrant, as well as the transcript of the *Franks* portion of the suppression hearing. We conclude that McClellan failed to establish that the affiant for the search warrant either knowingly and deliberately included a false statement in the affidavit, or made a statement with reckless disregard for its truth. The state-

ments may have been incomplete, but they were not misleading in light of all of the circumstances alleged in the affidavit. Because the facts set forth in the affidavit presented a substantial basis for believing that evidence of illegal drug transactions would be found at the premises, the District Court did not err by denying the motion to suppress the evidence seized pursuant to the execution of the search warrant.[2]

---

**2.** McClellan correctly notes in his brief that if we uphold the electronic surveillance and the search warrant, his contention that the warrantless forcible entry of the premises at 808

Waddell Avenue lacks merit under *Segura v. United States*, 468 U.S. 796, 810, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984).