J-S28032-18

2018 PA Super 265

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :           PENNSYLVANIA

            Appellant            :

                                         :

          v.                 :

                                         :

SABINE I. GRAHAM            :        No. 1438 MDA 2017

Appeal from the Order Entered August 15, 2017
in the Court of Common Pleas of Centre County,
Criminal Division at No(s): CP-14-CR-0000758-2017

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

DISSENTING OPINION BY MUSMANNO, J.:     **FILED SEPTEMBER 24, 2018**

I respectfully disagree with the Majority's conclusion that the trial court erred by failing to assess the convenience of the parties, relative to each locality, before transferring the case from Centre County to Clinton County.

"Venue in a criminal action properly belongs in the place where the crime occurred." ***Commonwealth v. Bethea***, 828 A.2d 1066, 1075 (Pa. 2003). Pursuant to 18 Pa.C.S.A. § 102(a)(1), a person may be convicted in this Commonwealth if "the conduct which is an element of the offense or the result which is such an element occurs within this Commonwealth." 18 Pa.C.S.A. § 102(a)(1); ***see also Commonwealth v. Field***, 827 A.2d 1231, 1233 (Pa. Super. 2003) (stating that our courts have looked to the provisions of section 102 in determining the proper county in which a criminal trial should take place). "For a county to exercise jurisdiction over a criminal case, an overt act involved in the crime must have occurred within that county."

*Commonwealth v. Passmore*, 857 A.2d 697, 709 (Pa. Super. 2004). "In order to base jurisdiction on an overt act, the act must have been essential to the crime[.]" *Commonwealth v. Donohue*, 630 A.2d 1238, 1243 (Pa. Super. 1993) (citation omitted); *see also Field*, 827 A.2d at 1234 (stating that, while not constitutionally prohibited, "trial outside the county [where the offense occurred] is a mechanism which must be used sparingly, to prohibit dragging the accused all over the [C]ommonwealth…." (citation omitted)).

In considering Graham's Motion to Transfer, the trial court acknowledged that the death of an individual is an element of the crime of drug delivery resulting in death, and that the death occurred in Centre County. *See* Trial Court Opinion, 8/15/17, at 3. The trial court rejected the Commonwealth's argument, based on 18 Pa.C.S.A. § 102(c) (concerning homicide offenses), that venue is proper in Centre County because Pena's body was found in Centre County.[1] The trial court granted Graham's Motion to Transfer, reasoning that the only overt act, *i.e.*, Graham's delivery of the drugs to Pena, occurred in Clinton County. *See id.* at 3-4. Here, Graham traveled from Centre County to Clinton County for the purpose of obtaining

_____

[1] The Commonwealth relied on—and the Majority cites to—section 102(c), which permits the presumption that if the body of a homicide victim is found within this Commonwealth, it is presumed that the death or bodily impact resulting in death also occurred within this Commonwealth. However, because the offense of drug delivery resulting in death is a first-degree felony, rather than a homicide offense, *see* 18 Pa.C.S.A. § 2506, section 102(c) is irrelevant to the venue analysis in the instant case. *See generally Field*, 827 A.2d at 1234 (noting that the specific provision in section 102(c), which permits trial in the county where the victim is found, overrides the general rule that trial is proper only in the county where the criminal conduct occurred).

heroin, and delivered the drugs to Pena while they were in Clinton County. After the delivery had been completed, Graham no longer exercised control over the drugs, and did not control where or when Pena ingested the drugs, the quantity of the drugs she consumed, or whether she died as a result. Thus, the facts support the trial court's determination.

On review, the Majority concludes that the venue requirements set forth in section 102 exist in both Clinton and Centre County, and remands the case for the trial court to assess the convenience of the parties with respect to proceeding in either locality. However, as the Majority acknowledges, venue may be proper in either county, and therefore, I cannot agree that the trial court's decision to transfer the case to Clinton County was clearly erroneous. *See Commonwealth v. Gross*, 101 A.3d 28, 33-34 (Pa. 2014) (stating that our review of venue challenges "should turn on whether the trial court's factual findings are supported by the record and its conclusions of law are free of legal error."). While acknowledging that a venue challenge generally encompasses the question of which locality is most convenient to the disposition of the case, *see Bethea*, 828 A.2d at 1074-75, I cannot agree with the Commonwealth's assertion that "transferring this case … would significantly disrupt the execution of justice." Commonwealth's Brief at 16. Indeed, Centre County and Clinton County are adjacent to one another, and their respective courthouses are located less than 30 miles apart. *See Commonwealth v. Miskovitch*, 64 A.2d 672, 689 (Pa. Super. 2013) (concluding that appellant was not prejudiced by transfer of venue from Allegheny to Westmoreland

County, because they are adjoining counties, and "the burdens associated with traveling to the other venue are minimal"). Based upon the foregoing, I would affirm the Order of the trial court.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/24/2018