J-A03043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| (CHIEF) MICHAEL S. OWLFEATHER-GORBEY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1066 MDA 2020 |
| COMMONWEALTH OF PENNSYLVANIA | : | |

Appeal from the Order Entered July 16, 2020
In the Court of Common Pleas of Union County Civil Division at No(s):
20-0395

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

JUDGMENT ORDER BY LAZARUS, J.:              **FILED MARCH 19, 2021**

(Chief) Michael S. Owlfeather-Gorbey appeals, *pro se*, from the order, entered in the Court of Common Pleas of Union County, dismissing his petition for habeas corpus relief.  The trial court properly determined it lacked both subject matter and personal jurisdiction.  We affirm.

On July 13, 2020, Gorbey, who had been incarcerated in Virginia for violation of the District of Columbia Crimes Code and then transferred to a federal corrections facility in Pennsylvania, filed a habeas corpus petition[1] in the Court of Common Pleas of Union County.  **See** Habeas Corpus Petition, 7/13/20.  Gorbey alleged he was being held on an invalid Virginia detainer, that his transportation across state lines and confinement within a federal prison in the Commonwealth is an "abuse of process," and that he is a "DC

_____

[1] Gorbey filed his petition pursuant to 28 U.S.C. § 2241.

`state code' offender illegally [and] unconstitutionally housed in a federal prison within the state of Pennsylvania[.]" ***Id.*** at 2-3, 6. Gorbey cites to District of Columbia Code 24-101.26, and states that this provision, which "allows D.C. [] offenders to be transported-extradited across state lines to be house[d] in prisons within other states is illegal [and] unconstitutional under Pennsylvania and federal law." ***Id***. at 7.

On July 16, 2020, the Honorable Michael T. Hudock dismissed the petition for lack of jurisdiction and denied Gorbey's request to proceed *in forma pauperis* [IFP]. Gorbey filed this timely appeal. He raises the following issues for our review:

1. The Union County Court of Common Pleas issuing an opinion after a formal appeal was notice[d] is deem[ed] to be conceded to the original notice of appeal of denial of IFP status, jurisdiction and dismissal.

2. The Union County Court of Common Pleas has subject matter jurisdiction to hear and decide Gorbey's habeas *corpus* petition filed by Gorbey, a state convicted prisoner confined within an asylum state.

3. Gorbey is entitle[d] to IFP status as an indigent[, a] hearing, counsel[,] and habeas relief as well as his immediate release from custody and compensation for all delays and damages.

Appellant's Brief, at 4-6.

This Court has "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are[] within the exclusive jurisdiction of the Supreme Court or the Commonwealth

Court." 42 Pa.C.S.A. § 742. Thus, this Court has appellate jurisdiction to review the trial court's order dismissing Gorbey's habeas corpus petition for lack of original jurisdiction.

"[A]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003); *accord:* 42 Pa.C.S.A § 931. *See also Commonwealth v. Arcelay*, 190 A.3d 609 (Pa. Super. 2018) (county court of common pleas has jurisdiction over offenses that take place within its borders). Gorbey was convicted of various crimes under the District of Columbia Code.[2] He has not been convicted of a crime under the laws of this Commonwealth, and he is not in state custody. As President Judge Hudock noted, Gorbey's controversy "arises out of the District of Columbia Superior Court's decision to allow state inmates to be transported to and housed in a federal prison." Opinion, 9/21/20, at 2. The Union County Court of Common Pleas had no personal or subject matter jurisdiction over this matter. *See* D.C. Code § 24–101 (2001) (persons convicted of felonies in D.C. Superior Court become the responsibility of Federal Bureau of Prisons).[3]

---

[2] *See Gorbey v. U.S.*, 54 A.3d 668 (D.C. Ct. App. 2012) (Gorbey was convicted of fourteen weapons offenses, including manufacture, transfer, use, possession, or transportation of explosives for an unlawful purpose, and attempted manufacture or possession of a weapon of mass destruction).

[3] The proper habeas corpus respondent here is the Warden, U.S. Penitentiary at Lewisburg. Because the warden is a federal official, the petition must be filed in federal court. *See* 28 U.S.C. § 2242 (respondent to habeas petition

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/19/2021

_____

is "the person who has custody over [the petitioner]."); ***see also*** 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained").