J-A23016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                       :              PENNSYLVANIA
                                                       :
                        v.                            :
                                                       :
                                                       :
                                                       :
ARJUN NARAYAN PLAKKAT            :
                                                       :
                Appellant                         :   No. 1588 MDA 2023

Appeal from the Judgment of Sentence Entered October 31, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001371-2022

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 05, 2024**

Appellant, Arjun Narayan Plakkat, appeals from the judgment of

sentence entered October 31, 2023.  We affirm.

The trial court summarized the relevant facts of this case as follows.

> This matter arises from a dispute between old friends.  Like so
> many disputes these days, the origin appears to be
> [Appellant's] ill-advised texts on parenting, which resulted in a
> cessation of communication by . . . the victim.  … [Thereafter,
> from at least August 2021, Appellant] for whatever reason,
> engaged in an extensive course of conduct that amounted to
> text-book stalking by telecommunication of his former
> comrade.

Trial Court Opinion, 2/12/24, at 1 (footnote omitted).

On August 29, 2023, the matter proceeded to a jury trial.  At the close

of trial, Appellant, through counsel, moved for a directed verdict, arguing that

the Commonwealth failed to establish jurisdiction.  Ultimately, the trial court

denied Appellant's motion and Appellant was convicted of stalking.[1] On October 31, 2023, the trial court sentenced Appellant to supervised probation for five years. This timely appeal followed.

Appellant raises the following issue on appeal:

> Did the trial court err by denying [Appellant's] motion for a directed verdict where the Commonwealth failed to establish that the [c]ourt had jurisdiction to [adjudicate] the case?

Appellant's Brief at 2.

Herein, Appellant asserts that his stalking conviction must be vacated for lack of jurisdiction. More specifically, Appellant argues the Commonwealth failed to establish that the communications in question were sent or received in either Cumberland County or Pennsylvania in general. Indeed, Appellant points to the fact that the Commonwealth did not "ask [the victim] where he received any of [the] communications." *Id.* at 5 (emphasis omitted). Per Appellant, this oversight "is fatal to the Commonwealth's case." *Id.*

Appellant challenges the trial court's subject matter jurisdiction, which constitutes a question of law. Our standard of review, therefore, is *de novo* and our scope of review is plenary. *Commonwealth v. Maldonao-Vallespil*, 225 A.3d 159, 161 (Pa. Super. 2019), *citing Commonwealth v. Bethea*, 828 A.2d 1066, 1071 n.5 (Pa. 2003).

The jurisdictional limitations of our courts are defined in Section 102 of the Pennsylvania Crimes Code. In particular, it states, in relevant part:

---

[1] 18 Pa.C.S.A. § 2709.1(a)(2).

> (a) General rule.--Except as otherwise provided in this section, a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct or the conduct of another for which he is legally accountable if either:
>
> > (1) the conduct which is an element of the offense or the result which is such an element occurs within this Commonwealth[.]

18 Pa.C.S.A. § 102(a)(1). Importantly, the "Commonwealth bears the burden of proving facts sufficient to establish jurisdiction" and "may rely on circumstantial evidence to meet its burden." *Maldonado-Vallespil*, 225 A.3d at 166, *citing* **Commonwealth v. Passmore**, 857 A.2d 697, 709 (Pa. Super. 2004).

In this instance, Appellant was convicted of stalking in violation of 18 Pa.C.S.A. § 2709.1. "A person commits the crime of stalking" if he, *inter alia*, "engages in a course of conduct or repeatedly communicates to another person under circumstances which demonstrate or communicate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person." 18 Pa.C.S.A. § 2709.1(a)(2).

Our review of the certified record, namely, the victim's testimony, confirms that the Commonwealth proved sufficient facts to establish Pennsylvania jurisdiction under Section 102. Indeed, we note that, at trial, the victim testified that, from August 2021 and January 2022, he received multiple offending messages from Appellant. Thereafter, the following exchange occurred:

> [District Attorney]: And so Commonwealth's – starting with Commonwealth's Exhibit 3, which you testified to essentially relating to August 11, 2021, through the rest of the exhibits, the last date is in January of 2022 as you testified to, were – just to be clear, where were you living at the time you received these messages?
>
> [The victim]: I was living between – in August of 2021 and January of 2022, I was living in Camp Hill, Pennsylvania.
>
> [District Attorney]: That [is] in Cumberland County?
>
> [The victim]: Cumberland County, yeah.

N.T. Trial, 8/29/23-8/31/23, at 144. In addition, the victim testified that he received the offending messages from Appellant "at times of day or night when the ordinary person is most likely to be found in his home." Trial Court Opinion, 2/12/24, at 3, *citing* Commonwealth Trial Exhibits Nos. 12 (message sent at 9:17 p.m. on a Monday); 15 (message sent at 1:10 a.m. on a Wednesday); and 16 (message sent at 1:19 a.m. on a Wednesday). Finally, the victim specifically stated that he received "these [messages] while rocking [his] daughter to sleep at night." N.T. Trial, 8/29/23-8/31/23, at 143. Based upon the foregoing, we conclude that the Commonwealth presented sufficient facts to allow the inference that the victim received the offending messages from Appellant at his home in Cumberland County, Pennsylvania. Hence, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

- 4 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/05/2024