NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2981
_____

ELIJAH WHITE,
Appellant

v.

JASON M. WALSH, Interim District Attorney of Washington County;
JOHN F. DISALLE, in his Individual Capacity as President Judge of Washington
County

_____

On Appeal from the District Court
for the Western District of Pennsylvania
(D.C. No. 2:23-cv-01883)
District Judge: Honorable David S. Cercone

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 1, 2025

_____

Before: CHAGARES, Chief Judge, FREEMAN and MASCOTT, Circuit Judges

(Filed: February 19, 2026)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7,
does not constitute binding precedent.

CHAGARES, <u>Chief</u> <u>Judge</u>.

Elijah White was held in contempt of court following his invocation of his Fifth Amendment right against self-incrimination when he was subpoenaed to testify as a witness in a criminal proceeding. As a result, White filed suit against the judge that presided over the contempt proceeding as well as against the prosecutor that filed the contempt petition. The District Court dismissed the complaint, concluding that absolute and judicial immunity barred White's claims. We agree and will therefore affirm.

I.

We write primarily for the parties and recite only the facts essential to our decision. On October 10, 2022, surveillance footage captured White speaking with Jaison Irwin outside of a local bar; Irwin was murdered shortly after. The Commonwealth eventually charged two individuals with Irwin's murder. The prosecutor handling the case, defendant-appellee Jason Walsh, subpoenaed White to testify at the preliminary hearing. Once White took the stand, however, he invoked his Fifth Amendment right against self-incrimination. The Magisterial District Judge presiding over the hearing ultimately excused White.

Walsh, nevertheless, prepared a petition to hold White in contempt of court based on his conduct at the preliminary hearing. At the time, the Washington County Court of Common Pleas had an administrative order in place setting forth the assignment protocol for the court (the "Administrative Order"). The Administrative Order assigned criminal trials and motions primarily to two judges. Defendant-appellee Judge John DiSalle, in contrast, was assigned to Problem-Solving Courts, Orphans' Court, and administrative

duties.

Despite the Administrative Order, Walsh presented the contempt petition to Judge DiSalle. Judge DiSalle then held a hearing on the petition and found White in contempt of court. White was sentenced to a term of incarceration from five days to six months. White was released after five days of incarceration.[1]

White filed suit against Judge DiSalle and Walsh in the United States District Court for the Western District of Pennsylvania, alleging that they violated his constitutional rights and committed a variety of state-law torts. Judge DiSalle and Walsh each moved to dismiss the complaint. The District Court granted the motions in full, concluding that White's claims against Judge DiSalle were barred by judicial immunity and his claims against Walsh were barred by absolute immunity. White filed a timely appeal thereafter.

II.[2]

White challenges the District Court's immunity determinations. As set forth below, we see no error and will thus affirm the District Court's order.[3]

---

[1] The Superior Court of Pennsylvania ultimately reversed the order.

[2] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision to grant the motion to dismiss under a plenary standard. Connelly v. Lane Constr. Corp., 809 F.3d 780, 786 n.2 (3d Cir. 2016).

[3] The District Court dismissed White's state-law claims "for essentially the same reasons" as it dismissed the federal claims. Appendix 34 (concluding White's state-law claims against the defendants are barred by absolute immunity, sovereign immunity, and high public official immunity). White does not advance any argument towards these claims specifically; we therefore will not address these claims separately.

We begin with the claims against Judge DiSalle. The District Court concluded that these claims were barred by judicial immunity. We conduct a two-part inquiry to decide whether judicial immunity applies. First, we consider whether the action is nonjudicial, as a "judge is not immune from liability for nonjudicial actions." Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 11 (1991)). Second, assuming the action is judicial, we ask whether the action was taken "in the complete absence of all jurisdiction," as those actions are similarly not entitled to immunity. Id. (quoting Mireles, 502 U.S. at 12). We thus must distinguish between acts taken in the "'clear absence of all jurisdiction,' which do not enjoy the protection of absolute immunity, and acts that are merely in 'excess of jurisdiction,' which do enjoy that protection." Id. at 769.

White focuses his challenge on the second prong, contending that Judge DiSalle acted in the clear absence of jurisdiction by presiding over White's contempt proceeding when the Administrative Order assigned that responsibility to other judges. Nothing in the Administrative Order, however, alters the Pennsylvania legislature's broad grant of jurisdiction to the courts of common pleas. See 42 Pa. Cons. Stat. § 931(a); Commonwealth v. Bethea, 828 A.2d 1066, 1074 (Pa. 2003). A procedural error such as this one "at most might establish that [a judge] acted in excess of her jurisdiction, not that she acted in the clear absence of all jurisdiction." Gallas, 211 F.3d at 771; see also Figueroa v. Blackburn, 208 F.3d 435, 444–45 (3d Cir. 2000). Thus, the District Court did not err by applying judicial immunity to the claims against Judge DiSalle.

4

We next address the claims against Walsh. White challenges the District Court's application of absolute immunity to Walsh, urging that Walsh failed to overcome the presumption that qualified immunity, rather than absolute immunity, applies. We have held that in order to overcome this presumption, a prosecutor "must show that he or she was functioning as the state's advocate when performing the action(s) in question." Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008). Immunity thus attaches to actions "'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." Id. (quoting Giuffre v. Bissell, 31 F.3d 1241, 1251 (3d Cir. 1994)). To make this determination, we first determine what conduct serves as the basis for the plaintiff's claim, and then we determine "what function (prosecutorial, administrative, investigative, or something else entirely) that act served." Roberts v. Lau, 90 F.4th 618, 625 (3d Cir. 2024) (quoting Fogle v. Sokol, 957 F.3d 148, 161 (3d Cir. 2020)).

Here, the conduct at issue consists of Walsh subpoenaing White to testify at a preliminary hearing, questioning White on the stand, filing a contempt petition, and presenting evidence in support of that petition. The District Court did not err by concluding that these activities are intimately associated with a prosecutor's advocacy role in the judicial process. In arguing to the contrary, White contends Walsh "intentionally and knowingly violated a Court Order" by presenting the contempt petition to Judge DiSalle and thus is not entitled to absolute immunity, relying on our decision in Odd. White Br. 31. In that case, we assessed whether prosecutors who had obtained warrants to detain witnesses in advance of testifying in criminal cases were entitled to

absolute immunity when the prosecutors failed to apprise the court that the criminal cases had been continued or dismissed, despite the court's directive to do so. Odd, 538 F.3d at 205–06. We determined that the prosecutors' actions were not entitled to absolute immunity because the obligation to apprise the court "was primarily administrative" and "required no advocacy." Id. at 213. The same cannot be said here. As the District Court correctly recognized, Walsh's actions here, even if taken in contravention of the Administrative Order, are adversarial, advocative functions entitled to absolute immunity.[4]

III.

For the foregoing reasons, we will affirm the District Court's order dismissing White's claims.

---

[4] Walsh also asks that we strike certain documents from an unrelated litigation from the Appendix prepared and filed by White. We need not do so, however, as those documents do not bear on our decision here. We similarly decline to take judicial notice of those documents.