J-S54033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
SCOTT ALLAN BLACK, :
:
Appellant : No. 47 WDA 2016

Appeal from the PCRA Order October 2, 2015
in the Court of Common Pleas of Forest County,
Criminal Division, No(s): CP-27-CR-0000046-2013

BEFORE: BENDER, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED AUGUST 04, 2016**

Scott Allan Black ("Black") appeals, *pro se*, from the Order dismissing his first Post Conviction Relief Act ("PCRA") Petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On April 27, 2013, Black stabbed Donald Shay and Marcelle Edwards to death in a mobile home located in Forest County. The Commonwealth initially sought to pursue capital punishment for the murders. However, Black subsequently pled guilty to two counts of second-degree murder. The trial court sentenced Black to two consecutive terms of life in prison. Black did not file a direct appeal.

On May 22, 2015, Black filed his first PCRA Petition. Joan M. Fairchild, Esquire ("Fairchild"), was appointed as PCRA counsel. Fairchild filed a

Motion to Withdraw as Counsel, along with a **Turner**/**Finley**[1] no-merit letter.

Black objected, but the PCRA court granted Fairchild's Motion to Withdraw.

The PCRA court provided Black with a Pa.R.Crim.P. 907 Notice of Intent to

Dismiss the Petition. Black filed a *pro se* Response, after which the PCRA

court dismissed the Petition. Black filed a timely *pro se* Notice of Appeal.

On appeal Black raises the following questions for our review,

I. [Did the PCRA] court err[] by denying [Black's] PCRA petition for newly discovered evidence [,which was] based upon a "**Turner**/**Finley**" letter filed by [Fairchild,] [who had] irreconcilable differences with [Black?]

II. [Did] the [PCRA] court erroneously misrepresent [] material facts in defense of the Forest County District Attorney Elizabeth A. Ziegler ["Ziegler"?]

III. [Whether] fraudulent applications and perjury upon three candidates affidavits are a crime[,] and [Black] still invokes his right to file a private criminal complaint against an individual who committed such acts that has directly affected him[?]

Brief for Appellant at 1 (capitalization omitted).

We review orders dismissing PCRA relief under the following standard:

Our standard of review of an order dismissing PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations

omitted).

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

We will address Black's first and second claims together. Black argues that the PCRA court erred in dismissing his Petition as it failed to properly consider newly discovered evidence. Brief for Appellant at 4. Black contends that Ziegler's ineligibility to run for election as District Attorney should retroactively nullify and void Black's two convictions of second-degree murder. *Id.* at 6-9, 10. Additionally, Black argues that the exculpatory evidence was unavailable to him at trial as Ziegler's fraudulent holding of the District Attorney position, despite the fact that her home was located outside of the county lines. *Id.* at 6, 7.

Here, Black fails to offer any authority that shows when a District Attorney is disqualified from reelection, his or her prosecution of cases resulting in convictions must be retroactively overturned. *See* Pa.R.A.P. 2119(a). Additionally, Forest County's removal of Ziegler from the ballot in 2015 does not impact the entry of Black's guilty plea in 2014. Indeed, during his plea colloquy, Black understood the nature of the charges to which he was pleading guilty; the underlying factual basis for the plea; the rights he was foregoing, including presumption of innocence and right to trial by a jury; and the ranges of permissible sentences. *See* Written Guilty Plea Colloquy, 02/03/14, at 1-9; *see also Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (setting forth the requirements of a voluntary guilty plea and noting that courts may consider the totality of the circumstances in determining voluntariness of the plea). Thus, the record

confirms that Black voluntarily and knowingly pled guilty to the murders. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2009) (stating that where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established).

Further, Black's voluntary guilty plea was accepted by a court with proper jurisdiction. *See Commonwealth v. Khorey*, 500 A.2d 462, 464 (Pa. Super. 1985) (concluding that even though the Attorney General lacked jurisdiction to prosecute the defendant, the trial court did not lack jurisdiction to accept the guilty plea and impose sentence); *see also Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003) (stating that "all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code.").[2] Accordingly, Black's first two claims are without merit.

In his third claim, Black seeks to file a private criminal complaint against Ziegler and the PCRA court judge. Brief for Appellant at 12. However, this claim is waived as it was not raised in Black's PCRA Petition. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011)

---

[2] We note that Black requests a *Grazier* hearing. *See Commonwealth v. Grazier*, 731 A.2d 81 (Pa. 1998). Brief for Appellant at 5. However, because Fairchild properly withdrew as counsel under *Turner*/*Finley*, such a hearing is unnecessary. *See Commonwealth v. Robinson*, 970 A.2d 455, 456 (Pa. Super. 2009) (*en banc*) (holding that a *Grazier* hearing can only be held if the attorney did not properly withdraw).

(stating that issues not raised in a PCRA petition may not be considered on appeal). Further, even if Black properly raised the claim, it is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2016