J-S61040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RYAN DAVID FISHER, | : | |
| | : | |
| Appellant | : | No. 348 WDA 2016 |

Appeal from the Judgment of Sentence February 4, 2016
in the Court of Common Pleas of Butler County,
Criminal Division, No(s):  CP-10-CR-0001490-2015

BEFORE:  PANELLA, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 16, 2016**

Ryan David Fisher ("Fisher") appeals from the judgment of sentence imposed following his guilty plea to organized retail theft.  ***See*** 18 Pa.C.S.A. § 3929(3)(a).   Additionally, Jeffrey M. Thompson, Esquire ("Attorney Thompson"), Fisher's counsel, has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).   We grant Attorney Thompson's Petition to Withdraw and affirm Fisher's judgment of sentence.

In June 2015, Fisher was charged with corrupt organizations, criminal conspiracy, organized retail theft, access device fraud, retail theft, theft by deception, and receiving stolen property.[1]   Thereafter, pursuant to an agreement with the Commonwealth, Fisher waived his preliminary hearing in exchange for the immediate withdrawal of the corrupt organizations charge

---

[1] 18 Pa.C.S.A. §§ 911(b)(3); 903(a)(1); 3929(3)(a); 406(a)(2); 3939(a)(1); 3922(a)(1); 3925(a).

and a reduction in the grading of the criminal conspiracy charge from felony 1 to felony 3, with all other counts remaining as charged. On November 4, 2015, Fisher entered into a plea agreement, in which he pled guilty to organized retail theft in exchange for a term of 90-180 days in prison, 30 months of probation, and $12,661.14 in restitution, with no further penalty for the remaining charges. The trial court accepted the plea and sentenced Fisher in accordance with the terms of the plea agreement. On February 16, 2016, Attorney Thompson filed a Motion to Withdraw as Counsel, which the trial court denied.

Fisher filed a timely Notice of Appeal. Attorney Thompson subsequently filed a Pa.R.A.P. 1925(c)(4) Notice of Intent to file an **Anders** brief. On May 9, 2016, Attorney Thompson filed a Petition to Withdraw as Counsel. Fisher filed neither a *pro se* brief, nor retained alternate counsel.

In his **Anders** brief, Attorney Thompson has raised the following questions for our review:

> I. Did the trial court have subject matter jurisdiction over the offenses charged?
>
> II. Was Fisher's guilty plea knowingly, voluntarily, and intelligently made?
>
> III. Did the trial court impose an illegal sentence?

*Anders* Brief at 4.[2]

We must first determine whether Attorney Thompson has complied with the dictates of *Anders* in petitioning to withdraw from representation. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw."). Pursuant to *Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) [p]etition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

---

[2] "Upon entering a guilty plea, a defendant waives his right to challenge on appeal all non-jurisdictional defects except the legality of his sentence and the validity of his plea." *Commonwealth v. Passmore*, 857 A.2d 697, 708-09 (Pa. Super. 2004).

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of the record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Thompson has complied with the requirements set forth in *Anders* by indicating that he has conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Thompson provided a letter to Fisher, informing him of counsel's intention to withdraw and advising Fisher of his rights to retain new counsel, proceed *pro se*, and file additional claims. Finally, Attorney Thompson's *Anders* brief meets the standards set forth in *Santiago* by providing a factual summary of Fisher's case, with support for Attorney Thompson's conclusion that Fisher's plea was knowingly, voluntarily, and intelligently made, that the trial court did not impose an illegal sentence and had subject matter jurisdiction over Fisher's offenses, rendering his appeal wholly frivolous. Because Attorney Thompson has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Fisher's appeal is, in fact, wholly frivolous.

In his first claim, Fisher contends that the trial court did not have subject matter jurisdiction over the offenses charged. *Anders* Brief at 12.

Subject matter jurisdiction regards the competency of a court to hear and decide the type of issues presented. *See Commonwealth v. Bethea*,

828 A.2d 1066, 1074 (Pa. 2003). All courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code. *See id.*

Here, Fisher's guilty plea to organized retail theft was filed in the Court of Common Pleas of Butler County. Thus, the trial court had subject matter jurisdiction over the charges filed against Fisher, and this claim is wholly frivolous. *See id.*

In his second claim, Fisher argues that his guilty plea was not knowingly, voluntarily, or intelligently made. *Anders* Brief at 14.

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citation omitted). In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id*. (citation omitted); *see also* Pa.R.Crim.P. 590, cmt. "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999) (citation and brackets omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, … a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004) (citation and quotation marks omitted).

Fisher indicated that at the time of his plea, he understood the English language and he was not under the influence of alcohol or drugs. *See* N.T., 11/04/15, at 2; Written Plea Colloquy, 11/04/15, at 1. Fisher confirmed that he knew and understood the nature of the charges, the factual basis for the plea, the permissible range of sentences and fines, and that the judge was not bound by the terms of the plea agreement. *See* N.T., 11/04/15, at 3-4; Written Plea Colloquy, 11/04/15, at 2-4. Fisher also acknowledged that by pleading guilty, he was foregoing certain rights, including, *inter alia*, the presumption of innocence, the right to file pre-trial motions and the right to

a jury trial. *See* N.T., 11/04/15, at 4-5; Written Plea Colloquy, 11/04/15, at 2-3. Based upon the foregoing, we conclude that Fisher's guilty plea was knowingly, voluntarily and intelligently made. *See **Commonwealth v. Kelly***, 5 A.3d 370, 382 n.11 (Pa. Super. 2010) (stating that "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.") (citation omitted).

Lastly, Fisher challenges the legality of his sentence. *Anders* Brief at 15.

Initially, "any claim, which asserts that a sentence exceeds the lawful maximum, implicates the legality of the sentence." ***Commonwealth v. Foster***, 17 A.3d 332, 336 (Pa. 2011). A challenge to the legality of a sentence can be raised as a matter of right and is non-waivable. ***Commonwealth v. Munday***, 78 A.3d 661, 664 (Pa. Super. 2013). Whether a sentence is illegal presents a question of law, and our standard of review is plenary. ***Commonwealth v. Orie***, 88 A.3d 983, 1020 (Pa. Super. 2014).

Here, Fisher pled guilty to a felony 3 crime: organized retail theft. A felony of the third degree carries a maximum sentence of seven years in prison and a fine of $15,000. *See* 18 Pa.C.S.A. § 1103(3). The trial court sentenced Fisher to serve a term of 90 to 180 days in prison, which falls well

within the permissible range. Thus, the trial court did not impose an illegal sentence, and Fisher's claim is without merit.

Further, our independent examination of the record indicates that there are no other claims of arguable merit. ***See Anders***, 386 U.S. at 744-45. Accordingly, we conclude that Fisher's appeal is wholly frivolous, and Attorney Thompson is entitled to withdraw as counsel.

Petition to Withdraw as Counsel granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2016