J-S43021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY FARACE | |
| Appellant | No. 1699 WDA 2016 |

Appeal from the Judgment of Sentence Dated May 23, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0002632-2014

BEFORE: STABILE, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED OCTOBER 24, 2017**

Appellant Anthony Farace appeals from the judgment of sentence of 16-32 months' incarceration, which was imposed after he pleaded *nolo contendere* to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, and to receiving stolen property.[1]  With this appeal, Appellant's counsel has filed a petition to withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous. After careful review, we affirm that the Washington County Court of Common Pleas had jurisdiction and was the proper venue to dispose of Appellant's case.  Otherwise, we deny Appellant's counsel's petition to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 3925(a), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

withdraw and order Appellant's counsel to submit an advocate's brief or a new **Anders** brief within thirty days of the date of this memorandum. The Commonwealth may file a brief within thirty days after service of the brief from Appellant's counsel.[3]

In September 2014, Susan McCartan, a resident of Union Township, Washington County, was informed by her neighbor that people were living in her vacant trailer. Aff. of Probable Cause, 9/11/14, at 1.[4] When Ms. McCartan went to the trailer to investigate, she observed that someone had been inside it and that items were missing, including precious coins — "specifically Kennedy Fifty Cent Pieces, Pennsylvania State Quarters, Complete State Quarter Sets, Wheat Pennies, one Silver Penny, twenty '60/40' quarters made of 60% silver, two 1932 silver dollars and one fire resistant box containing paperwork." **Id.** at 1-2. Ms. McCartan called the Southwest Regional Police Department. When they arrived at the trailer, a police officer observed two males in an adjacent property, one of whom was later identified as Appellant. The other male, later identified as Brendan Hensler, was driving his wife's silver-colored Jeep Compass "and was in the

_____

[3] If the Commonwealth does not intend to file a brief in response, we request that the Commonwealth send a letter to this Court's Prothonotary informing this Court of that decision as soon as possible.

[4] During Appellant's plea hearing, he acknowledged that the facts contained within the Affidavit of Probable Cause "can support those charges" to which he pleaded *nolo contendere*. N.T., 1/20/16, at 7. We thus rely on the facts alleged in that affidavit, as the trial court did not write an opinion pursuant to Pa.R.A.P. 1925(a).

process of leaving upon seeing [police arrive]." **Id.** at 2. When police questioned Appellant, he "became agitated and verbally aggressive." **Id.** Appellant was arrested for disorderly conduct.

After his arrest, Appellant was found in possession of six oxycodone pills. Aff. of Probable Cause, 9/11/14, at 3; N.T. Sentencing Hr'g, 5/23/16, at 23, 26-28; Order, 10/14/16, at 3. Appellant then informed police that he had an additional twenty-nine oxycodone pills and $36,000 in cash at his residence in Finleyville, Washington County. He told officers, "I'm not a drug dealer; I just sell pills for money." Aff. of Probable Cause, 9/11/14, at 3. He explained that he was going to use the currency to buy a condominium, but he did not produce a bank statement or other documents to corroborate that claim. N.T., 5/23/16, at 23, 25. Police found coins in Appellant's possession that had been reported stolen from Ms. McCartan's trailer. **Id.** at 24.

On January 20, 2016, while represented by counsel, Appellant entered an open plea. Order, 10/14/16, at 1. Question 39 of Appellant's written plea colloquy stated:

> Your plea must be voluntary and your rights must be voluntarily, knowingly and intelligently waived. If anyone has promised you anything other than the terms of a plea bargain, your plea will be rejected. If anyone has forced you or attempted to force you in any way to plead guilty or nolo contendere, your pleas will be rejected. Do you fully understand this?

Written Colloquy, 1/20/16, at 7. Appellant answered, "No." **Id.** Question 40 stated: "Has anybody forced you to enter this plea?" **Id.** Appellant

answered, "Yes." *Id.* Question 41 asked, "Are you doing this of your own free will?" *Id.* Appellant answered, "Yes." To Question 50 of the written colloquy, which asked if he was "presently taking any medication which might affect your thinking or your free will", Appellant answered, "No." *Id.* Question 51 asked: "Have you had any narcotics or alcohol in the last 48 hours?" *Id.* Appellant answered, "Yes." *Id.*

The trial court conducted the following oral colloquy of Appellant pursuant to Pa.R.Crim.P. 590:

> The [trial] court: . . . Sir, you're entering into a plea. Are you doing this voluntarily?
>
> [Appellant]: I really didn't do nothing. I mean, I was coerced into it, I was coerced into something and I'm getting the blame for it, which I didn't do nothing, but—I don't understand, you know, I really—
>
> The [trial] court: Well, what I mean, sir, is did anyone tell you that you have to enter this plea today?
>
> [Appellant]: It seems like I'm being forced into it for some reason, but I'm not sure. You know, I'm—to be honest with you, I—
>
> The [trial] court: Well, if you think you are being forced into this, I cannot accept your open plea.
>
> [Appellant]: Right. Right.
>
> The [trial[ court: This is something you have to do voluntarily.
>
> [Appellant]: Right.
>
> . . .

- 4 -

> The [trial] court: [A]fter [counsel] provides that advice to you, did you make your own independent decision to enter this open plea?
>
> [Appellant]: Yes.

N.T. Plea Hr'g, 1/20/16, at 13-14. When asked if he was doing so "out of [his] own freewill," Appellant again answered affirmatively. *Id.* at 14. Appellant also acknowledged that he had completed the written colloquy prior to his hearing. *Id.* at 15-17.

The trial court sentenced Appellant on May 23, 2016. On the charge of possessing a controlled substance with intent to deliver it, the court sentenced Appellant to confinement for a period of sixteen to thirty-two months in a State Correctional Institution. On the charge of receiving stolen property, the court sentenced Appellant to confinement for two to four months, with that sentence to run concurrently with the sentence on the drug charge. Order, 10/14/16, at 1.

On June 1, 2016, while still represented by counsel, Appellant filed a *pro se* motion for a new trial and a *pro se* notice of appeal. According to a handwritten notation on the back of the certificate of service accompanying the *pro se* motion for a new trial, the motion for a new trial was served only on the trial court and Washington County District Attorney's Office. On

June 2, 2016, the trial court denied Appellant's *pro se* motion for a new trial.[5]

On June 2, 2016, Appellant's counsel filed a motion for post-sentence relief that challenged the discretionary aspects of Appellant's sentence and, in the alternative, asked the trial court to permit Appellant to withdraw his plea. The trial court did not rule on Appellant's motion for post-sentence relief due to the pending appeal.

On June 10, 2016, the trial court granted counsel's motion to withdraw. The court appointed the Washington County Public Defender to represent Appellant in his appeal. New counsel then discontinued that appeal. On October 14, 2016, the trial court denied Appellant's motion for post-sentence relief, including his alternative request to withdraw his plea. On November 3, 2016, Appellant filed a second notice of appeal to this Court.

Appellant's counsel has now filed an ***Anders*** brief and petition to withdraw.[6] "When presented with an ***Anders*** brief, this Court may not

---

[5] There is no indication in the certified record that the trial court forwarded Appellant's *pro se* motion for a new trial to his counsel. Pa.R.Crim.P. 576(a)(4). The trial court should not have ruled on the *pro se* motion because Appellant was represented by counsel. ***Commonwealth v. Jette***, 23 A.3d 1032, 1041 (Pa. 2011).

[6] On February 17, 2017, Appellant's counsel filed his ***Anders*** brief. On February 22, 2017, Appellant's counsel filed his petition to withdraw as counsel. On March 16, 2017, this Court denied the petition for failure to notify Appellant of his appellate rights and to attach a copy of a notification
*(Footnote Continued Next Page)*

review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (internal citation omitted). An *Anders* brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361. Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client:

> Counsel must also provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). Finally, "this Court must conduct an

---
*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

letter to his motion to withdraw pursuant to *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005). This Court also struck the *Anders* brief. On March 17, 2017, Appellant's counsel filed a new *Anders* brief and petition to withdraw as counsel. Appellant has not filed a *pro se* response to either petition to withdraw.

independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnotes and citations omitted).

In this appeal, we observe that Appellant's counsel's March 17, 2017, correspondence to Appellant provided a copy of the ***Anders*** Brief to Appellant and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal to raise any points he deems worthy of the court's attention. Further, counsel's ***Anders*** Brief, at 8-11, complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Appellant's counsel believes there is nothing in the record that arguably supports the appeal. ***Id.*** at 14. Appellant's counsel concludes that he "cannot identify an issue on appeal that has merit and is not wholly frivolous." ***Id.*** at 19. Thus, Appellant's counsel has complied with the requirements of ***Santiago*** and ***Orellana***. We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

We glean from the ***Anders*** brief that counsel has raised the following issues: (1) the jurisdiction of the trial court, (2) the denial of Appellant's *pro se* motions to withdraw his plea and for a new trial, (3) the legality of

Appellant's sentence, and (4) the discretionary aspects of the sentence. ***Anders*** Brief at 13, 15-16, 18.[7]

## Jurisdiction

Subject matter jurisdiction is purely a question of law. ***Commonwealth v. Jones***, 929 A.2d 205, 211 (Pa. 2007). "Our standard of review is *de novo*, and our scope of review is plenary." ***Id.*** (citation omitted).

> Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. ***See*** 18 Pa.C.S. § 102. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code.

***Commonwealth v. Bethea***, 828 A.2d 1066, 1074 (Pa. 2003), ***cert. denied***, 540 U.S. 1118 (2004). Here, Appellant was charged with violations of the Crimes Code, and, thus, the Court of Common Pleas had jurisdiction to hear his case.

Additionally, according to the affidavit of probable cause, the charges against Appellant stem from incidents in Union Township and in Finleyville,

---

[7] The Commonwealth's argument to this Court in its entirety is as follows:

> Appellant's counsel filed a no-merit letter, ***Anders*** Brief and Motion to withdrawal as counsel. For the reasons set forth in Appellant's Counsel's no-merit letter, and the Court of Common Pleas' October 14th, 2016 Order, the Commonwealth avers that Appellant cannot plead or prove any of the grounds for relief and the lower Court[']s decision should be affirmed.

Commonwealth's Brief at 5 (some formatting altered).

both located in Washington County, Pennsylvania. Aff. of Probable Cause, 9/11/14, at 1, 3. Thus, the Washington County Court of Common Pleas had jurisdiction and was the proper venue to dispose of Appellant's case, and the trial court did not commit an error of law by hearing this case.

**Remaining Issues**

Before addressing the remaining issues raised in counsel's *Anders* brief, we have identified, as set forth above, inconsistent responses in Appellant's plea colloquy that call into question whether his plea was made knowingly, voluntarily, and intelligently. *See Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002) ("A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently"); *see also Flowers*, 113 A.3d at 1250 ("this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel").

As noted above, Appellant's written plea colloquy stated that he did not understand that: his plea must be voluntary; his rights must be voluntarily, knowingly, and intelligently waived; and his plea will be rejected if anyone had promised him anything other than the terms of a plea bargain or forced him or attempted to force him in any way to plead *nolo contendere*. Written Colloquy, 1/20/16, at 7 ¶ 39. Appellant's written plea colloquy also stated that he had been forced into entering the plea and had taken narcotics or imbibed alcohol in the previous 48 hours. *Id.* at ¶¶ 40,

51. Additionally, Appellant provided replies on his written plea colloquy that conflicted with these troubling answers, including that he was pleading of his own free will, that no threats had been made against him, and that he was not taking any medication that might affect his thinking or free will. *Id.* at ¶¶ 41-42, 50. Appellant gave similar contradictory responses during his oral plea colloquy, stating that he had made his own independent decision to enter an open plea and was doing so out of his own free will. N.T., 1/20/16, at 13-14.

Because we perceive a potential non-frivolous issue as to whether Appellant's guilty plea was knowingly, voluntarily, and intelligently made, *see Muhammad*, 794 A.2d at 383, we deny counsel's petition to withdraw and order counsel to submit either an advocate's brief or a new *Anders* brief within thirty days of the date of this memorandum. Counsel may raise any other non-frivolous issues he has identified. The Commonwealth may file a brief within thirty days of service of the brief from Appellant's counsel. In light of this disposition, we do not reach the other issues identified by Appellant's counsel.

Petition to withdraw denied. *Anders* brief stricken. Appellant's counsel ordered to file an advocate's brief or a new *Anders* brief within thirty days of the date of this memorandum. The Commonwealth may file a brief within thirty days of Appellant's counsel's brief. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/24/2017