J-S76008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE WILLIAMS | : | |
| | : | No. 3622 EDA 2016 |
| Appellant | : | |

Appeal from the Judgment of Sentence October 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007874-2014

BEFORE: PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.               **FILED APRIL 11, 2018**

In this *nunc pro tunc* appeal,[1] Jose Williams appeals the judgment of

sentence entered after his negotiated guilty plea to third degree murder and

possession of a firearm without a license. He challenges the guilty plea court's

jurisdiction, the legality of his sentence, and the effectiveness of guilty plea

counsel. Furthermore, his court-appointed counsel, Earl G. Kauffman, Esquire,

seeks permission from this Court to withdraw as counsel pursuant to **_Anders_**

**_v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978

---

* Retired Senior Judge assigned to the Superior Court.

[1] Williams's appellate rights were restored after he filed a Post Conviction
Relief Act petition.

A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant Attorney Kauffman leave to withdraw.

In his negotiated guilty plea, Williams admitted to shooting Carl Hammond once in the head after the two had gotten into an intense argument. The bullet entered through Hammond's nose, causing massive brain injury, and he was pronounced dead within 12 hours. Williams fled the scene and police quickly apprehended him hiding behind a taxi in a parking lot. As part of his guilty plea, Williams agreed to the imposition of sentence of 20 to 40 years' imprisonment.

Prior to addressing the merits of Williams's requested appeal, we must first examine Attorney Kauffman's request to withdraw. Attorney Kauffman has substantially complied with the mandated procedure for withdrawing as counsel. **See Santiago**, 978 A.2d at 361 (articulating **Anders** requirements); **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Williams has not filed a response to counsel's petition to withdraw.

Counsel has identified three issues Williams believes entitles him to relief.[2] First, Williams contends the guilty plea court did not have subject

_____

[2] Williams presented all three of these issues to the guilty plea court in a post-sentence motion. Furthermore, all three of Williams's issues are properly appealable after the entry of a guilty plea. **See Commonwealth v. Main**, 6

matter jurisdiction over this case. As Attorney Kauffman correctly notes, jurisdiction relates to the power of a court to hear and rule upon the controversy presented. *See Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003). Every Court of Common Pleas in Pennsylvania has jurisdiction to hear a controversy arising out of allegations of criminal activity occurring in Pennsylvania. *See id*.

Williams has presented no reasoning to support his belief that the Court of Common Pleas of Philadelphia County lacked jurisdiction to hear his guilty plea. Thus, we agree with Attorney Kauffman that Williams's first issue on appeal is meritless.

Next, Williams contends the court imposed an illegal sentence. "The classic claim of an 'illegal sentence' is one that exceeds the statutory limits." *Commonwealth v. Hansley*, 47 A.3d 1180, 1189 (Pa. 2012) (citation omitted). Williams has set forth no other grounds for his belief that the sentence is illegal.

The statutory maximum sentence for third degree murder is 40 years in prison. *See* 18 Pa.C.S.A. § 1102(d). Therefore, Williams's sentence of 20-40 years in prison does not exceed the statutory maximum. Attorney Kauffman is correct in concluding this issue is meritless.

_____

A.3d 1026, 1028 (Pa. Super. 2010) ("The entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence.")

Finally, Williams argues guilty plea counsel was ineffective. Generally, claims of ineffectiveness of counsel are not ripe until collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). However, in extraordinary cases where the trial court determines that the claim of ineffectiveness is "both meritorious and apparent from the record," it may exercise its discretion to consider the claim in a post-sentence motion. *Id*., at 577.

The guilty plea court declined to address this issue. Williams contends guilty plea counsel coerced him into the negotiated guilty plea. There is no evidence of record to support this allegation. Indeed, the transcript from the guilty plea would contradict this claim. Thus, we agree with Attorney Kauffman's conclusion that this issue is not ripe for review on direct appeal.

We have reviewed the certified record and can find no other issues of arguable merit and agree with counsel's assessment that the appeal is wholly frivolous. As Attorney Kauffman has complied with all the requirements to withdraw, we grant his petition and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/18