J-S01037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER DALE GLENN | : | |
| | : | |
| Appellant | : | No. 534 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 6, 2022
In the Court of Common Pleas of Beaver County
Criminal Division at No(s):  CP-04-CR-0000329-2022

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED:  May 16, 2023**

Christopher Dale Glenn appeals from the judgment of sentence imposed following him pleading guilty to possessing a firearm as a prohibited person and receiving stolen property.[1] For these offenses, Glenn was aggregately sentenced to five to ten years of imprisonment.[2] On appeal, Glenn's counsel contends that there are no non-frivolous issues to raise on his behalf and has correspondingly filed a petition to withdraw from representation and an ***Anders*** brief. ***See Anders v. California***, 386 U.S. 738 (1967);

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S. § 6105(a), (a.1)(1.1) (first-degree felony) and 18 Pa.C.S. § 3925(a), respectively.

[2] In addition to this term of imprisonment, appearing to originate as a negotiated plea agreement, ***see*** Plea Hearing, 4/6/22, at 3-9, Glenn was sentenced to a consecutive "period of reentry supervision of 12 months[.]" 61 Pa.C.S. § 6137.2(b).

*Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). After reviewing the record, both through the lens of the *Anders* brief and independently, we affirm Glenn's judgment of sentence and additionally grant counsel's petition to withdraw.

Although somewhat difficult to discern given the sparse record, Glenn admitted to having illegally possessed a firearm and stolen vehicle while in Beaver County, Pennsylvania, on February 16, 2022. *See* Plea Hearing, 4/6/22, at 11-14. According to the affidavit of probable cause, police officers were called to Anthony Gilbert's house after Gilbert informed them that Glenn had refused to leave his residence. *See* Affidavit of Probable Cause, 2/16/22, at 1. Gilbert also conveyed that Glenn had brandished a firearm. *See id*. Following his arrest, police confirmed that, in addition to being the subject of multiple extradition requests, Glenn had been convicted of several prior felony offenses. *See id*., at 2.

Corresponding with both a written and oral plea colloquy, Glenn pleaded guilty to the two above-named crimes and was sentenced on April 6, 2022. While still represented by counsel, Glenn filed a *pro se*, hand-written motion to withdraw his guilty plea, which was dated April 8, 2022, date-stamped by the United States Postal Service on April 18, 2022, and filed in the lower court on April 19, 2022.

Glenn filed a counseled notice of appeal from his judgment of sentence on May 3, 2022. Instead of filing a concise statement of errors complained of on appeal, Glenn's counsel submitted, in a filing dated May 17, 2022, a

statement of intent to file an **Anders**/**Santiago** brief, pursuant to Pa.R.A.P. 1925(c)(4). Independently, Glenn, *pro se*, filed his own concise statement of errors complained of on appeal in a document dated May 19, 2022, and filed May 25, 2022. In his *pro se* concise statement, Glenn asserts that he received ineffective assistance of counsel. In addition, Glenn avers that he was not guilty of receiving stolen property, and as to the firearms offense, he had a valid necessity defense.[3]

Prior to our substantive consideration of identified or latent appellate issues, we must first consider counsel's petition to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). The submission of an **Anders** brief demonstrates counsel's belief that the current appeal is frivolous. Accordingly, to withdraw from representation, counsel must avail himself or herself of a well-defined set of procedures. Specifically, counsel is required to:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous;

(2) file a brief referring to any issues that might arguably support

---

[3] As the record reflects that he was represented by counsel at both junctures, Glenn's *pro se* filings, i.e., the motion to withdraw his guilty plea and his statement of errors complained of on appeal, are legal nullities, "having no legal effect." **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (citation omitted); **see also Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) ("[A]ppellant was represented by counsel on appeal, so his *pro se* Rule 1925(b) statement was a legal nullity.") (citation omitted). Neither Glenn's counsel (by way of adoption or amendment) nor the lower court acted on Glenn's filings.

the appeal, but which does not resemble a no-merit letter; and

(3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).

As established in ***Santiago***, our Supreme Court further refined the ***Anders*** requirements, necessitating that counsel:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

978 A.2d at 361. Substantial compliance with these enumerated requirements is legally sufficient. ***See Commonwealth v. Redmond***, 273 A.3d 1247, 1252 (Pa. Super. 2022) (citation omitted). If counsel has adhered to ***Anders*** and its progeny, this Court must thereafter "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Our review of counsel's submissions compels a conclusion that there has been minimal compliance with ***Anders***. Counsel's petition to withdraw as

counsel merely cross references the **Anders** brief and does not evidence any kind of conscientious examination of the record. **See** Petition to Withdraw as Counsel, filed 10/7/22, at 2.[4] Moreover, the **Anders** brief simply states that counsel "reviewed the transcript of [Glenn's] plea and sentencing. [Counsel] has reviewed the lower court file and the client case file." **Anders** Brief, at 9.

As to the brief's other contents, counsel cursorily highlights the limited appellate claims one may raise after accepting a guilty plea and summarily concludes that there are no meritorious issues present. In its entirety, this section, which serves to demonstrate the frivolousness of the present appeal, spans approximately one page in length. In addition, the "facts" section of the **Anders** brief solely discusses the procedural history of this case (with some

---

[4] Counsel filed this more recent petition with an appended "notice of rights" letter directed to Glenn after being ordered by this Court to do so, having only filed an **Anders** brief and single-page petition to withdraw in the first instance. Notwithstanding that original omission, counsel's most recent submission signals that Glenn received all relevant filings and information. In the "notice of rights" letter, Glenn is apprised that he may retain new counsel, proceed *pro se*, or raise any additional issues before this Court. As such, counsel has satisfied that corresponding **Anders** requirement.

Instead of filing a response to the **Anders** brief, Glenn filed a *pro se* motion for appointment of appellate counsel, which, like his *pro se* concise statement, also appears to assert claims of ineffective assistance of counsel. As best can be discerned, such contentions appear to be exclusively germane to a Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S. § 9543(a)(2)(ii); **see also Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (stating, generally, that ineffective assistance claims are to be deferred to PCRA review unless: (1) the trial court addresses a claim of ineffectiveness that is apparent from the record and meritorious; or (2) the defendant knowingly and expressly waives his right to to seek PCRA review). Glenn's filing was denied by this Court *per curiam*.

overview of Glenn's plea colloquy) and does not contain a single fact underpinning Glenn's crimes.

Although we do not condone counsel's marginal effort in outlining and analyzing legal or factual issues that may be present in this appeal, our review of this case has not been materially hampered. Accordingly, we find that counsel has nominally complied with **Anders**, and we therefore proceed to review the substantive claims addressed in counsel's brief.

In short, the **Anders** brief concludes that there are no presentable issues to argue before this Court. Specifically, Counsel indicates that there was nothing jurisdictionally infirm as to the trial court's acceptance of Glenn's guilty plea nor was there any evidence that the court imposed an illegal sentence. Moreover, counsel avers that Glenn's guilty plea, both in its oral and written form, was constitutionally and procedurally valid.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citations omitted).[5]

---

[5] Under certain circumstances, a defendant that has taken a guilty plea would not be precluded from challenging the discretionary aspects of his sentence, therefore providing another potential avenue for relief on appeal. However, here, Glenn pleaded guilty to, and received the benefit of, an agreement that specified particular penalties. As such, this negotiated agreement forecloses review of the discretionary aspects of his sentence. **See Commonwealth v. Brown**, 982 A.2d 1017, 1018-19 (Pa. Super. 2009).

As to jurisdiction, "[t]he complaint and criminal information both recite the situs of the offense as occurring in Beaver County, Pennsylvania." **Anders** **Brief**, at 9; **see also** Plea Hearing, 4/6/22, at 11 (outlining the court's inquiry into whether Glenn was present in Beaver County when he committed his crimes). "[E]ach court of common pleas within this Commonwealth possesses the same subject matter jurisdiction to resolve cases arising under the Pennsylvania Crimes Code[.]" **Commonwealth v. Bethea**, 828 A.2d 1066, 1075 (Pa. 2003). Much like counsel, we see no jurisdictional basis for Glenn to contest his guilty plea.

On the question of whether the court imposed an illegal sentence, Glenn's firearm conviction was graded as a first-degree felony, **see** 18 Pa.C.S. § 6105(a.1)(1.1), and the receiving stolen property charge was determined to be a third-degree felony, **see** 18 Pa.C.S. § 3903(a.1) (specifying automobiles). As to the former crime, Glenn admitted that he "had been convicted of an offense that prohibited [him] from otherwise having or possessing a firearm." Plea Hearing, 4/6/22, at 12; 18 Pa.C.S. § 6105(b).

The court imposed a five-to-ten-year term of incarceration at the former offense and a concurrent three-and-a-half-to-seven-year term at the latter conviction. The maximum sentence for a first-degree felony is twenty years of incarceration, **see** 18 Pa.C.S. § 1103(1), and seven years of incarceration for a third-degree felony, **id**., at § 1103(3). In accordance with these statutory precepts, the court did not exceed its authority in imposing either of Glenn's

discrete sentences. **See Commonwealth v. Berry**, 887 A.2d 479, 483 (Pa. Super. 2005) (citations omitted).

Regarding the sufficiency of Glenn's guilty plea, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citations omitted). There is no evidence that Glenn objected to his guilty plea during the colloquy and, as stated *supra*, Glenn's filing of a *pro se* motion to withdraw was a legal nullity.[6]

Even if a plea-related claim was not waived, the record establishes Glenn's knowing acquiesce to the plea's contents. Under Pennsylvania Rule of Criminal Procedure Rule 590, a voluntary and knowing guilty plea must contain a colloquy that, at a minimum, ascertains the following:

> 1. Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> 2. Is there a factual basis for the plea?
>
> 3. Does the defendant understand that he or she has the right to trial by jury?
>
> 4. Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5. Is the defendant aware of the permissible range of sentences

---

[6] We reiterate, but express no opinion on, Glenn's ability to subsequently seek PCRA relief as it relates to his desire to having his guilty plea withdrawn.

and/or fines for the offenses charged?

6. Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

In utilizing these interrogatories as guideposts, there was sufficient exploration into all six. The court explicitly delved into the elements of the two pleaded-to crimes and Glenn's factual involvement in having committed those crimes. *See* Plea Hearing, 4/6/22, at 6-8. The court repeatedly confirmed Glenn's understanding of the crimes' elements and his illicit actions. *See, e.g*., *id*., at 8. In addition, Glenn stated that he understood his "right to a jury trial[.]" *Id*., at 5. Glenn also acknowledged the presumption that he was innocent until proven guilty. *See id*., at 5-6. Furthermore, Glenn indicated that he was aware of the maximum and minimum sentences that he could face. *See* Guilty Plea Colloquy, at 3. And, finally, Glenn conveyed that he understood that his agreement with the Commonwealth "is not binding on the [c]ourt unless or until [it] decide[s] to accept it[.] Plea Hearing, 4/6/22, at 5.

We emphasize that most, if not all, of these six inquiries are reflected, in some way, in both written and oral form. Additionally, Glenn responded "yes" to the questions of whether he had ample opportunity to consult with his attorney prior to entering the plea and whether he was satisfied with his attorney's representation. *See* Guilty Plea Colloquy, at 4. Therefore, we find that Glenn was fully apprised of his rights had he chosen to proceed to trial

and fully assented to the plea agreement that was presently before him.

As required by **Anders**, we have independently reviewed the record to determine whether any other non-frivolous issues exist. We, however, have found no other legally viable claim for Glenn to have pursued in this direct appeal.

With no other non-frivolous issues apparent and having analyzed the entire contents of the **Anders** brief, we grant counsel's petition to withdraw and affirm Glenn's judgment of sentence.

Petition to withdraw from representation granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2023