J-S12033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL JOSEPH HENRY :
:
Appellant : No. 2315 EDA 2023

Appeal from the PCRA Order Entered August 14, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007724-2012

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED MAY 9, 2024**

Appellant, Michael Joseph Henry, appeals *pro se* from the post-conviction court's August 14, 2023 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The Commonwealth succinctly summarized the facts of Appellant's underlying convictions, as follows:

> The facts leading to [A]ppellant's arrest and subsequent conviction took place in 2012. Appellant was arrested for crimes related to the "straw purchase" of firearms for Andrew Thomas, shortly after it was determined that Thomas shot and killed Plymouth Township police officer Bradley Fox using a firearm that had been provided to him by [A]ppellant following a straw purchase. Appellant told police that he made numerous such straw purchases for Andrew Thomas and was paid five hundred dollars ($500.00) each time in addition to being provided the purchase price of the weapons.

Commonwealth's Brief at 3.

Appellant ultimately pled guilty to nine counts of intentionally or knowingly making a materially false written statement in the purchase of a firearm (18 Pa.C.S. § 6111(g)(4)(ii)), seven counts of intentionally or knowingly transferring a firearm (18 Pa.C.S. § 6111(g)(1)), and seven counts of unsworn falsification to authorities (18 Pa.C.S. § 4904(b)).  On August 15, 2013, the court sentenced Appellant to an aggregate term of 20 to 66 years' incarceration.  On May 12, 2015, this Court affirmed his judgment of sentence, and he did not file a petition for allowance of appeal with our Supreme Court. *See Commonwealth v. Henry*, 122 A.3d 446 (Pa. Super. 2015) (unpublished memorandum).

On October 2, 2018, Appellant filed the *pro se* PCRA petition underlying his present appeal.  On December 6, 2022, counsel was appointed.[1]  Counsel ultimately filed a *Turner/Finley*[2] 'no-merit' letter, concluding that Appellant's petition was untimely and, alternatively, that his claims lack merit.  On March 20, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it was untimely and Appellant failed to plead and prove the applicability of any timeliness

---

[1] The delay in appointing counsel may have been due to the presiding judge's assuming senior status, and Appellant's case being reassigned to a new judge.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

exception.  Additionally, the court also issued an order granting counsel's petition to withdraw.

On April 11, 2023, Appellant filed a *pro se* response to the court's Rule 907 notice.  Then, on May 2, 2023, Appellant filed a *pro se* notice of appeal from the court's Rule 907 notice, which this Court ultimately quashed as an appeal from an interlocutory order.  On August 14, 2023, the PCRA court entered a final order dismissing Appellant's petition.  On August 31, 2023, Appellant filed a timely, *pro se* notice of appeal.  He also complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Therein, he raised the following three issues, which he repeats in his *pro se* appellate brief:

1. Did the trial court err when it claimed jurisdiction from another county (Chester) to charge and sentence [Appellant] on three counts of "makes any materially false written statements" and lacked subject matter jurisdiction and violated [Appellant's] due process [rights]?

2. Did the trial court err when sentencing [Appellant] to two counts of "makes any materially false written statements" when those sentences should have merged for sentencing purposes, due to the merger/double jeopardy rule in which was [*sic*] a single criminal episode that arises from a single criminal act?

3. Did the PCRA court err on allowing [Appellant's] PCRA counsel to withdraw with a no[-]merit [***Turner/***]***Finnley*** [*sic*] letter, [when] PCRA counsel should have filed [a claim of] ineffective assistance on trial court counsel for allowing an illegal sentence, failure to raise subject matter jurisdiction on three counts, and failure to merge sentences on two counts?

Pa.R.A.P. 1925(b) Statement, 9/22/23, at 1-2 (unnumbered; unnecessary capitalization omitted); *see also* Appellant's Brief at 8. The PCRA court filed a Rule 1925(a) opinion on November 1, 2023.

In addressing Appellant's three claims, our standard of review is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant first argues that his sentences for three counts of intentionally or knowingly making a materially false written statement in the purchase of a firearm are illegal because he committed these offenses in Chester County, not Montgomery County.  Therefore, Appellant insists that the Montgomery County Court of Common Pleas lacked jurisdiction to sentence him for these Chester County crimes.  In regard to the timeliness of his claim, Appellant contends that his argument "is a subject matter jurisdiction" claim "that can never be waived" and "may be raised at any stage in the proceedings…."  Appellant's Brief at 13.  He also avers that his challenge to the legality of his sentence meets the governmental-interference exception to the PCRA's one-year timeliness requirement.

Appellant's arguments do not satisfy any timeliness exception.  First, he offers no discussion to support his bald assertion that his claim meets the governmental-interference exception.  Moreover, it is well-settled that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."  *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).  As such,

- 5 -

Appellant's challenge to the legality of his sentence does not, in and of itself, invoke our jurisdiction to address his untimely PCRA petition.

Moreover, Appellant's attempt to frame his issue as an unwaivable challenge to the jurisdiction of the Montgomery County Court of Common Pleas is unconvincing. In ***Commonwealth v. Bethea***, 828 A.2d 1066 (Pa. 2003), our Supreme Court examined "whether the Court of Common Pleas of Franklin County had subject matter jurisdiction to hear and decide the case against … Bethea involving violations of the Pennsylvania Crimes Code, … when the underlying criminal episode occurred in Cumberland County." ***Id.*** at 1069. The Court "expressly [held] that all courts of common pleas have statewide ***subject matter jurisdiction*** in cases arising under the Crimes Code[,]" and that "the proper focus" of the question before it was "the question of ***venue***." ***Id.*** at 1074 (emphasis added). In explaining the distinction between subject matter jurisdiction and venue, the ***Bethea*** Court stated:

> Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. ***McGinley v. Scott***, … 164 A.2d 424 (Pa. 1960). Jurisdiction is a matter of substantive law. ***Id.*** at 428; 42 Pa.C.S. § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas). [Bethea] was charged with violations pursuant to the Crimes Code. Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. ***See*** 18 Pa.C.S. § 102. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code. Pa. Const. Art. 5, § 5 (establishing the jurisdiction of the courts of common pleas within the unified judicial system).

Venue relates to the right of a party to have the controversy brought and heard in a particular judicial district. *McGinley*, 164 A.2d at 427–28. Venue is predominately a procedural matter, generally prescribed by rules of this Court. *Id.* at 429; 42 Pa.C.S. § 931(c). Venue assumes the existence of jurisdiction. 42 Pa.C.S. § 931(b) (referencing rules for change of venue in cases within the jurisdiction of courts of common pleas); Pa.R.Crim.P. 584 (relating to the procedure for a change of venue amongst courts of common pleas for the trial of criminal actions).

Subject matter jurisdiction and venue are distinct. However, since jurisdiction references the power of a court to entertain and adjudicate a matter while venue pertains to the locality most convenient to the proper disposition of a matter, venue can only be proper where jurisdiction already exists. 92A C.J.S., Venue § 2. The terms are often used interchangeably because they must exist simultaneously in order for a court to properly exercise its power to resolve a particular controversy.

Although each court of common pleas within this Commonwealth possesses the same subject matter jurisdiction to resolve cases arising under the Pennsylvania Crimes Code, that jurisdiction should only be exercised beyond the territorial boundaries of the judicial district in which it sits in the most limited of circumstances. Rules of venue recognize the propriety of imposing geographic limitations on the exercise of jurisdiction. Venue in a criminal action properly belongs in the place where the crime occurred. *Commonwealth v. Mulholland*, … 702 A.2d 1027 (Pa. 1997).

*Bethea*, 828 A.2d at 1074-75.

Thus, it is clear that Appellant's claim that his Chester County offenses could not be prosecuted in Montgomery County is really an issue of venue, not jurisdiction. Appellant does not present any argument that his venue challenge meets any exception to the PCRA's timeliness requirement. Moreover, he obviously knew about this venue issue at the time he entered his guilty plea in 2013; thus, he could have raised any challenge to venue

sooner than his present, untimely petition filed in 2018, such as in his direct appeal from his judgment of sentence or in a timely-filed PCRA petition.[3]

Appellant next argues that certain of his sentences should have merged and, therefore, they are illegal. Again, legality-of-sentencing claims must satisfy a timeliness exception. **See Fahy**, **supra**. Appellant fails to explain what exception his merger claim meets. Moreover, he also cannot satisfy the one-year requirement of section 9545(b)(2), as he clearly knew about this merger issue at the time his sentence was imposed in 2013. Therefore, his second issue fails to meet a timeliness exception.

Finally, Appellant contends that his PCRA counsel acted ineffectively by not asserting the ineffectiveness of his trial counsel for not raising the venue and merger claims discussed in Appellant's first two issues. As the PCRA court recognized, "[i]n **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our … Supreme Court … held that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." PCO at 11 (citing **Bradley**, 261 A.3d at 401). However, as the PCRA court further explained:

---

[3] Moreover, as the PCRA court points out in its opinion, Appellant explicitly agreed, at his guilty-plea proceeding, to his Chester County crimes being disposed of in Montgomery County. **See** PCRA Court Opinion (PCO), 11/1/23, at 5-8 (quoting N.T. Plea, 3/12/13, at 16-20). Therefore, Appellant cannot now argue that Montgomery County was an improper venue to prosecute his Chester County offenses.

[T]he **Bradley** Court specified, "an approach favoring the consideration of ineffectiveness claims of PCRA counsel on appeal (if the first opportunity to do so) does not sanction extra-statutory serial petitions." [**Bradley**, 261 A.3d] at 403. Thus, **Bradley** held that a Petitioner may raise an ineffective assistance of PCRA counsel claim for the first time on appeal, but only if the underlying PCRA [p]etition is timely. Put another way, an ineffective[-assistance-of-counsel] claim against PCRA counsel cannot [stem from] an untimely [p]etition. (**See also** … **Commonwealth v. Morton**, [No. 614 WDA 2022, unpublished memorandum at *2 (Pa. Super. filed Jan. 6, 2023) (noting that "this Court has declined to extend the holding of **Bradley** to cases involving untimely or serial petitions")]; **Commonwealth v. Dixon**, [No. 1145 EDA 2022, unpublished memorandum at *3 (Pa. Super. filed Dec. 28, 2022) (concluding that **Bradley** does not trigger the timeliness exception of section 9545(b)(1)(iii))]; … **Commonwealth v. Jones**, [No. 786 MDA 2021, unpublished memorandum at *4 (Pa. Super. filed June 7, 2022) (concluding that **Bradley** involved a timely-filed PCRA petition and was inapplicable to Jones' untimely petition)].[4]

PCO at 11-12.

Here, Appellant's PCRA petition is patently untimely and meets no exception to the PCRA's one-year time-bar. Therefore, he cannot rely on **Bradley** to raise his claims of PCRA counsel's ineffectiveness for the first time on appeal.[5]

---

[4] Pursuant to Pennsylvania Rule of Appellate Procedure 126, unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

[5] In any event, it is well-settled that "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." **Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. 2006) (citation omitted). For the reasons stated *supra*, Appellant's claims are untimely and meet no exception. Therefore, we would not deem PCRA counsel as ineffective for failing to assert these untimely issues.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/09/2024