**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1332
_____

LYNN A. PADGETT,
                                        Appellant

v.

JAMES PETTI, Commander Bradford County Pennsylvania State Police Barracks;
ROBERT B. MCGUINESS, Former Bradford County District Attorney &
Prothonotary/Clerk of Courts; DANIEL J. BARRETT, Bradford County District
Attorney & Prothonotary/Clerk of Courts; JEFFREY A. SMITH, Senior Judge – Court of
Common Pleas of Bradford County

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:23-cv-01764)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 2, 2024
Before: RESTREPO, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 18, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pennsylvania state prisoner Lynn Padgett appeals pro se from the District Court's decision dismissing his civil-rights complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). For the reasons that follow, we will affirm that judgment.

I.

In 1997, Pennsylvania state trooper James Petti arrested Padgett for sex offenses that Padgett had committed in his Bradford County home against multiple minors. Padgett confessed that same day, and he later pleaded guilty in the Bradford County Court of Common Pleas ("the BCCCP") to involuntary deviate sexual intercourse. See Case No. CP-08-CR-0000768-1997. The day after Padgett confessed, Petti received a report that Padgett had sexually abused another minor, who lived in neighboring Lycoming County. Padgett was later charged in the BCCCP with several counts stemming from his abuse of the Lycoming County victim. See Case No. CP-08-CR-0000888-1997 [hereinafter Case II]. Ultimately, Padgett pleaded guilty in Case II to one of those counts — rape. Between the two BCCCP cases, Padgett received an aggregate prison sentence of 15 to 30 years. His efforts to attack his convictions and sentence have been unsuccessful.

In 2011, Padgett filed a pro se civil-rights complaint in the District Court against Petti, the Bradford County District Attorney's Office, former Bradford County District Attorney Robert McGuinness[1] (who was the District Attorney when Padgett was charged

_____

[1] The case caption for this appeal, which mirrors the District Court's case caption, spells this defendant's name "McGuiness." However, we use the spelling used by this

in Case II), and the defense attorney who had represented Padgett in Case II. See M.D. Pa. Civ. No. 4:11-cv-00434, at Dkt. No. 1. That complaint included claims related to the investigation in, and litigation of, Case II. In May 2011, the District Court dismissed that complaint with prejudice pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Padgett did not appeal from that judgment.

In 2023, Padgett filed another pro se civil-rights complaint in the District Court, once again raising various claims related to Case II,[2] and seeking injunctive relief and damages. This time, Padgett named the following defendants: Petti, McGuinness, Daniel Barrett (who became the Bradford County District Attorney sometime after McGuinness), and the judge who sentenced Padgett in Case II (Judge Jeffrey A. Smith).

A United States Magistrate Judge issued a report recommending that the District Court dismiss Padgett's 2023 complaint with prejudice pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Magistrate Judge explained that the complaint failed because, inter alia, the claims against Petti, McGuinness, and Barrett were barred by the doctrine of res judicata, and the claims against Judge Smith were barred by the doctrine of judicial immunity. The Magistrate Judge also explained that amendment of the complaint would be futile. On January 23,

---

defendant in his brief.

[2] Although Padgett's 2023 complaint is not a model of clarity, it is evident that this pleading indeed relates to Case II. For example, this pleading appears to take issue with the fact that Case II was litigated in Bradford County instead of Lycoming County, and it appears to claim that the defendants perpetrated some grand conspiracy against Padgett in connection with that case. To the extent that Padgett argues that his 2023 complaint is not related to Case II, this argument is unpersuasive.

2024, the District Court overruled Padgett's objections to the Magistrate Judge's report, adopted the report, and dismissed the complaint with prejudice. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's January 23, 2024 decision is plenary, see Durham v. Kelley, 82 F.4th 217, 223 (3d Cir. 2023), and we may affirm that decision on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We see no reason to disturb the District Court's decision. For substantially the reasons set forth in the Magistrate Judge's report, which the District Court adopted, Padgett's claims against Petti and McGuinness are barred by the doctrine of res judicata,[3] and Padgett's claims against Judge Smith are barred by the doctrine of judicial immunity.[4] Furthermore, assuming for the sake of argument that the claims against

---

[3] Res judicata, also known as claim preclusion, applies when there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010) (quoting In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)). This doctrine "bars not only claims that were brought in a previous action, but also claims that could have been brought." Id. (quoting In re Mullarkey, 536 F.3d at 225). There is no merit to Padgett's argument that one or more of his claims against Petti and McGuinness did not accrue until years after his 2011 case ended.

[4] Generally, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Although the doctrine of judicial immunity does not apply when a judge "has acted in the clear absence of all jurisdiction," Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), Padgett has not established that this exception applies here. Contrary to his argument, the fact that Case II was tried in Bradford County instead of Lycoming County does not mean that Judge Smith "acted in the clear absence

4

Barrett are not barred by the doctrine of res judicata, those claims were still subject to dismissal for failure to state a claim. Although Padgett's 2023 complaint appears to claim that Barrett violated Padgett's rights by joining the other defendants' conspiracy plot against Padgett and not putting a stop to that conspiracy, Padgett has failed to allege any plausible, non-conclusory facts to support those claims,[5] and we cannot conclude that the District Court erred in concluding that amendment of his complaint would be futile. See LaSpina v. SEIU Pa. State Council, 985 F.3d 278, 291 (3d Cir. 2021) (explaining that "leave to amend need not be granted if amendment would be futile" (internal quotation marks omitted)).

We have considered the various arguments contained in Padgett's briefing and conclude that none has merit. Accordingly, and in view of the above, we will affirm the District Court's decision to dismiss Padgett's complaint with prejudice.[6] Padgett's

---

of all jurisdiction." See Commonwealth v. Bethea, 828 A.2d 1066, 1074 (Pa. 2003) ("[A]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code."). Furthermore, although "absolute judicial immunity extends only to claims for damages," Larsen v. Senate of Pa., 152 F.3d 240, 249 (3d Cir. 1998), injunctive relief is not available in this context "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Padgett has not shown that this exception to the unavailability of injunctive relief applies to his case.

[5] To survive dismissal, a complaint must "state a claim to relief that is plausible on its face" by alleging facts that "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citation to quoted case omitted). A pleading that merely "tenders naked assertion[s] devoid of further factual enhancement" is insufficient. Id. at 678 (alteration in original) (internal quotation marks omitted).

[6] We need not address the alternative bases for dismissal that were included in the Magistrate Judge's report and adopted by the District Court.

"Request for Judicial Notice" contained in his opening brief is denied.[7] To the extent that

he seeks any other relief from us, that relief is denied, too.

---

[7] As some of the appellees note in their response brief, "the items sought by [Padgett] to be judicially noticed include a legal conclusion, two statements apparently delineating the scope of [his] claims, and a disputable claim regarding [his] discovery of the evidence allegedly supporting his action." 3d Cir. Dkt. No. 22, at 15. None of those items warrants our taking judicial notice. See generally Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001) ("A court may take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute.").